## VAUGHAN ET AL V. KENNAN.

1.  BILLS AND NOTES :  *Construction of; Interest; Rate and computation of; Application of credits.*

A promissory note payable at a future fixed day, "with ten per cent. per annum from date," and stipulating that "if the interest be not paid annually, to become principal and bear the same rate of interest," will continue to bear interest at ten per cent. after maturity; and the unpaid interest due at maturity of the note, and each successive annual installment of interest from that date, will bear interest at the same rate (ten per cent.) ; not, however, so as to compound the interest on the amounts in default. They will each bear simple interest only, at the contractual rate. It is only the interest on the principal which will become principal. Credits will be applied, 1st, to the deferred amounts of annual interest, with the secondary interest accrued thereon, and the remainder, if any, to the interest accrued on the principal since the last annual period, and then (if any remains) to the principal itself. It will be only the interest on the balance of principal from that time to the annual period which will be next payable, or be subject to interest, and so on.

APPEAL from *Madison* Circuit Court.
Hon. J. H. BERRY, Circuit Judge.

*J. M. Pittman*, for appellant.

1. From the first of September, 1874, the note only bore six per cent., and the judgment should only have borne that rate. *Newton* v. *Kennerly*, 31 *Ark.*, 626; *Pettigrew* v. *Summers*, 32 *Ib.*, 571; *Ragan* v. *Bell*, — *Ark.*, *MSS*.

2. A note payable at a future day, with interest greater or less than six per cent. in which nothing is said about the rate after the maturity, draws the stipulated rate only till maturity, and afterwards six per cent. *Eaton* v. *Boisissault*, 5 *Maine Rep.*, 270; *Ludwick* v. *Huntsinger*, 5 *Watts & Sug.*, 37; *Brewster* v. *Wakefield*, 22 *How.*, 118; *Burahisel* v. *Firman*, 22 *Wall.*, 170; *Cook* v. *Fowler*, *L. R.*, 7 *H. L.*, 17; *Hubbart* v. *Callahan*, 42 *Conn.*, 524; *Pierce* v. *Swanpoint Cemetery*, 10 *R. I.*, 227; *Burns* v. *Anderson*, *Ind.*, 1880; *Holden* v. *Freedmen's Saving Co.*, 8 *Wash. L. R.*, 6.

*John Kennan*, *pro se*.

It was clearly not contemplated by the parties that the principal should be paid when due, but only the interest, and the principal to continue to bear interest, together with the interest, if not paid annually, at ten per cent. till paid.

EAKIN, J.    Kennan recovered judgment by default, in BILLS AND the Circuit Court, on the first day of April, 1881, against NOTES. the appellants, on a joint promissory note for $875, dated February 5th, 1873, and payable on the first day of September, 1874, "with interest from date at the rate of ten per cent. per annum," in which it was stipulated that "if

interest be not paid annually, to become principal and bear the same rate of interest." There were credits upon the note as follows:

November 22, 1875.............................$242.50
October 14, 1879............................... 500.00
October 7, 1880............................... 354.19

The judgment was for $531.34.

Construc-
tion of.     Appellants contend that there is error upon the face of the record, inasmuch as the note from maturity, should have borne interest at the rate of six per cent. only.

This court has repeatedly decided that, in case of notes bearing contractual interest, when there is no agreement as to interest after maturity, they can only bear interest at the ordinary rate of six per cent. after due. It is a matter of intention to be gathered from the direct expressions, or plain import of the instrument.

In this case there is an express agreement at a certain time to do two things: 1st, to pay the sum of $875, and also another amount to be ascertained by calculating interest on that sum at ten per cent. per annum from the date of the note. Nothing is said, expressly, as to the interest after maturity, and if there were nothing else in it, there would be no question but that the subsequent interest could only be at the rate of six per cent. The doubt arises on what follows being the closing expression. That is, if interest be not paid *annually*, to *become principal*, and bear the *same* rate of interest. When are the annual installments to be due? Is it to be a year from the date of the note, and the successive anniversaries? or are the annual payments only to begin at the maturity of the note, and be continued on those anniversaries during forbearance? and what is meant by the *same* rate of interest? Is it the same agreed upon before maturity, or the same the principal may be bearing

when the failure to pay the annual interest occurs? The questions are not easily answered.

Parties would not have been apt to express themselves in the language of the note if they had intended that any part of the interest should be payable before its maturity. It is unusual to speak of *annual* interest upon a note running less than nineteen months. There would only be one payment, and the whole interest would be payable before the end of another year. Besides, there is no obligation to pay anything before maturity, and nothing could be due to be converted into principal.

The most probable view of the intention of the parties, to be gathered from the language, is that forbearance was contemplated upon condition of paying interest when due, and annually thereafter; or else, if the debtor should retain the interest, he should be chargeable with the respective install-ments in the nature of new and additional loans, each to bear interest thereafter. In this view of the case the words *same interest*, doubtless refer to. the contractual interest before expressed in the face of the note.

We think, therefore, that the note itself continued to bear interest at the rate of ten per cent. after maturity as before, and that the unpaid interest due at maturity became interest-bearing at the same rate, together with the successive annual installments of interest as the failure to pay them occurred on each anniversary of the maturity of the note; not, however, so as to compound the interest on the amounts in default, which should each bear simple interest alone at the contractual rate. It is only the interest on *the principal* which is to become principal. This is the course adopted by the court of North Carolina. *Bledso* v. *Nixon*, 69 *N. C.*, 89. Each unpaid sum of annual interest stands alone, as if a new note had been given for it, bearing like interest. The

Vaughan et al v. Kennan·

Application of credits. credits should be applied, first to the payment of the deferred amounts of annual interest, with the secondary interest thereon accrued, and the remainder, if any, should be applied to the interest accrued on the principal since the last annual period ; and then, what may still be left, to the principal itself. It will be only the interest on the balance of principal from that time to the annual period which will be next payable, or be subject to interest, and so on.

That the parties adopted this view of the case becomes obvious by a careful consideration of the amount of the first payment, made on the twenty-second of November, 1875. The sum of $242.50 will cover within a few cents the interest due on the first of September, 1874, with interest on that to the day of payment, added to the next annual payment, which should have been made on the first of September, 1875, with interest on that also. The object of the payment was, doubtless, to take up all deferred interest, leaving the principal to run on interest for the next annual payment of $87.50 to be paid on the first of September, 1876. The almost exact coincidence of the sums paid, and the sums deferred cannot readily be otherwise accounted for.

Payments of the annual interest were not continued, and, by the fourteenth of October, 1879, they, with the interest on each, reached an aggregate sum exceeding $400. The payment of $500 at that date made some diminution of the principal, and the subsequent payment of October 7, 1880, reduced it very materially. Following the calculations, we find the result reached by the court below to be nearly if not quite correct. The appellant does not complain of any error in calculation, and the matter will not justify the cost of a reference upon the court's own motion, to correct any unimportant error. The principle adopted by the court was correct.

Affirm the judgment.