JOSEPH T. MURTAGH V. HENRY THOMPSON ET AL.

[FILED DECEMBER 31, 1889.]

Interest: MAY BE RECOVERED ON COUPONS. A gave a promissory note for $1,200, due in five years, secured by mortgage with interest at seven per cent, to B. Five coupon interest notes were given, each for $84, to draw interest at ten per cent from the time they became due. In an action to foreclose the mortgage, *held*, that as the parties could agree upon any rate of interest not exceeding ten per cent, and as the interest on the coupons, together with the interest on the principal debt to the time it became due, did not exceed ten per cent, interest on the coupons could be recovered.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Tibbetts & Morey,* for appellant.

No appearance *contra.*

MAXWELL, J.

This is an action to foreclose a mortgage upon real estate, and on the trial a decree was rendered for $1,452, from which an appeal is taken. It appears from the petition that on the

1st day of June, 1882, Henry Thompson and Lucy Thompson, his wife, executed a promissory note for $1,200, due in five years from date, with interest at seven per cent. At the same time they executed five coupon notes, each for $84, for the interest on said debt, each of said coupons to draw interest from maturity at ten per cent. The principal question in this court is the right to collect interest on the coupon notes. Our statute authorizes the parties to contract for any rate of interest they see fit not exceeding ten per cent. The interest on the principal in the case at bar is but seven per cent, or $84 per year. The interest on the coupon notes at ten per cent from the time they matured until the principal debt became due would, when added to the interest on the principal, be less than ten per cent upon the principal sum. Such interest may be collected therefor. It is only where the rate agreed upon, together with the interest on the coupons, will exceed the limit fixed by statute that the contract is prohibited, and such excessive interest cannot be recovered. (*Matthews v. Toogood*, 25 Neb., 536.) The prohibition does not apply in this case. The decree will be modified to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.