# WILLIAM DRURY

## *v.*

## WASHINGTON WOLFE.

### *Filed at Ottawa October 31, 1890.*

1. USURY—*interest upon interest.* On a loan of $8000, at the time interest might be reserved at the rate of ten per cent per annum, the borrower gave his four notes to the lender,—one for $2000, payable in one year; one for $2500, payable in two years; one for $2500, payable in three years; and one for $3275.80, payable four years after date, all calling for ten per cent interest after maturity : *Held,* that the notes, including more than ten per cent simple interest, were usurious.

2. The general rule is, parties can not be bound by any contract made before interest is due, for the payment of compound interest.

3. But after interest is due, it may, by agreement then made, be added to the principal, and made to thereafter bear interest.

4. There is, perhaps, an exception to the general rule mentioned, in the case of interest coupons annexed to commercial paper. Such coupons bear interest. But in such case interest is not compounded indefinitely.

5. There is, therefore, no authority found in this exception for holding that interest may be compounded indefinitely, or at all, in cases where the payment of interest is not secured by some negotiable instrument independent of the instrument whereby the original indebtedness is promised to be paid.

APPEAL from the Appellate Court for the Second District;— . heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. PEPPER & SCOTT, for the appellant:

The transaction was not usurious. *McGill* v. *Ware*, 4 Scam. 21; *Mitchell* v. *Lyman*, 77 Ill. 525; *Brown* v. *Mortgage Co.* 110 id. 235; *McFadden* v. *Fortier*, 20 id. 509.

Messrs. BASSETT & BASSETT, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Wolfe being indebted to Drury, $8000, for loaned money, gave him his four promissory notes therefor, as follows: One for $2000, payable one year after date; one for $2500, payable two years after date; one for $2500, payable three years after date; and one for $3275.80, payable four years after date,—all bearing interest at the rate of ten per cent per annum after due. The rate of interest then allowed by our statute for money loaned was ten per cent per annum, and any sum charged for the use of money greater than that rate would produce, was usury. The question is, under that statute is there usury in these notes?

It is impossible to so calculate simple interest in advance upon $8000, for the respective times of these notes, at the rate of ten per cent per annum, as to produce, when added to its principal, their several amounts. A calculation will demonstrate that to produce the amounts of these notes, at ten per cent per annum, simple interest, will require the use of $1818.18$\frac{2}{11}$ for one year, $2083.33$\frac{1}{3}$ for two years, $1923.07$\frac{9}{13}$ for three years, and $2339.85$\frac{5}{7}$ for four years,—aggregating $8164.43, and being greater than the amount of money loaned $164.43,—and so, necessarily, there must be usury in the notes.

But counsel say, the amounts of the several notes were determined thus:

| | |
|---|---:|
| "Principal, - - - - - - - | $8000.00 |
| One year's interest, at ten per cent, - - - | 800.00 |
| | $8800.00 |
| Deduct amount to be paid according to contract, which was put in first note, - - - - - | 2000.00 |
| Balance, - - - - - - | $6800.00 |
| Second year's interest, - - - - - | 680.00 |
| | $7480.00 |
| Deduct amount to be paid according to contract, put in second note, - - - - - - | 2500.00 |
| Balance, - - - - - - | $4980.00 |
| Third year's interest, - - - - - - | 498.00 |
| | $5478.00 |
| Deduct amount to be paid according to contract, put in third note, - - - - - - | 2500.00 |
| Balance, - - - - - - | $2978.00 |
| Fourth year's interest, - - - - - | 297.80 |
| Put in fourth note, - - - - - | $3275.80" |

But it is plain that the effect of this is to charge compound interest. Nothing is in fact paid, and the amount to be paid is the amount of these several notes, which can be reached only by compounding interest.

But counsel contend that the mode here adopted to reach these amounts is sanctioned by *McFadden* v. *Fortier*, 20 Ill. 509. That case simply applies the now familiar rule, that where payments are made upon an interest-bearing debt before the satisfaction of such debt, interest shall be computed upon the debt to the time of the first payment, and if the payment exceeds the interest, the interest shall be added to the principal, and the amount of the payment deducted from the sum, and interest shall then be computed upon the remainder until the next payment, etc. The difference between

that case and the present is, simply, voluntarily paying interest due at different times selected by the debtor, before the payment of the debt, and agreeing, in advance, to make interest principal as it shall mature, and thereafter bear interest,— or, in other words, the difference between voluntarily paying interest matured upon a debt, from time to time, and agreeing, in advance, to pay compound interest upon a debt.

The general rule recognized by this court is, parties can not be bound by any contract made before interest is due, for the payment of compound interest. (*Leonard* v. *Villars, Admr.* 23 Ill. 377; *First Nat. Bank of Galesburg* v. *Davis,* 108 id. 633; *Harris* v. *Bressler,* 119 id. 467; *Peddicord* v. *Connard,* 85 id. 102; *Leonard* v. *Patton,* 106 id. 99.) But after interest is due, it may, by agreement then made, be added to the principal, and made to thereafter bear interest. *Thayer* v. *Wilmington Star Mining Co. et al.* 105 Ill. 540; *Gilmore et al.* v. *Bissell,* 124 id. 488; *McGovern* v. *Union Mutual Life Ins. Co.* 109 id. 151; *Van Benschooten* v. *Lawson,* 6 Johns. Ch. 314.

There is, perhaps, an exception to the rule as first above stated, in the case of interest coupons annexed to commercial paper. Such coupons bear interest. (*Benneson et al.* v. *Savage et al.* 130 Ill. 353, and cases there cited.) But in such case, interest is not compounded indefinitely. Interest is simply payable upon the amount of the face of the coupon, and that the coupon bears interest is solely because of the character given it by commercial usage. *Aurora* v. *West,* 7 Wall. 105; *Mercer* v. *Hackett,* 1 id. 83; *Meyer* v. *Muscatine,* id. 384.

There is therefore no authority in this for holding that interest may be compounded indefinitely, or at all, in cases where the payment of interest is not secured by some negotiable instrument independent of the instrument whereby the original indebtedness is promised to be paid.

We find no satisfactory reason for disturbing the judgment of the Appellate Court, and it is therefore affirmed.

*Judgment affirmed.*