Stephen H. Bowman, Admr.

*v.*

John Neely.

*Filed at Springfield May 11, 1891.*

1. Usury—*compound interest—whether recoverable.* Compound interest is not recoverable in this State, and it is not competent for parties to contract in advance for the payment of interest on interest as it falls due. An exception to the rule is made in respect to interest bearing coupons attached to bonds or other securities for the payment of money. By commercial usage such coupons, when payable to bearer, have the legal effect of promissory notes by the law merchant, and possess the attributes of commercial paper.

2. A promissory note for the payment of a sum of money provided for the payment of interest thereon, annually, at the highest rate allowed by law, and also that if the interest was not so paid it should become principal, and bear the same rate of interest: *Held,* that the note did not provide for the payment of usurious interest, but that the promise to pay interest on the interest was not enforcible by law.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. T. S. CHAPMAN, and Mr. A. M. SLATEN, for the appellant:

After interest has become due the parties may stipulate for interest on the same, as for forbearance, but it is contrary to public policy and the spirit of our law to allow parties to agree in advance for the payment of such interest when such interest is not in the form of a note. *Connecticut* v. *Jackson*, 1 Johns. Ch. 13; *Wilcox* v. *Howland*, 23 Pick. 169; *Hoyle* v. *Page*, 41 Mich. 553; *Stokely* v. *Thompson*, 34 Pa. St. 210; *Hastings* v. *Wasivall*, 8 Mass. 455; *Van Banschooten* v. *Lawson*, 6 Johns. Ch. 314; *Sparks* v. *Garregues*, 1 Binn. 165; *Ferry* v. *Ferry*, 2 Cush. 92; *Van Hermit* v. *Porter*, 11 Metc. 210; *Doe* v. *Warren*, 7 Me. 48; *Niles* v. *Board*, 8 Blackf. 159; *Grimes* v. *Blake*, 16 Ind. 160; *Leonard* v. *Villars*, 23 Ill. 377.

The judgment of Chancellor Kent has been recently criticised in New York, but it has been affirmed by a majority of the Court of Appeals, after full discussion. *Young* v. *Hill*, 67 N. Y. 162.

In New Hampshire, a different conclusion was reached at an early day, (*Pierce* v. *Powers*, 1 N. H. 179,) and this case has been followed in some States. *Beedson* v. *Nixon*, 69 N. C. 89; *Austin* v. *Innes*, 23 Vt. 286; *Preston* v. *Walker*, 26 Iowa, 205; *Lewis* v. *Paschal*, 37 Texas, 315.

Mr. J. S. CARR, for the appellee:

It is the province of the courts to enforce contracts as made by the parties. *Shirley* v. *Spencer*, 4 Gilm. 583; *Smith* v. *Brown*, 5 id. 309.

By the plain terms of this note the interest became due and payable on the 12th day of February of each and every year, from and after the date of the note; and if not paid, a suit

could have been maintained for the interest thus due, separately from the principal. Such amount of interest, under the terms of this note, became "a liquidated demand." *Walker* v. *Kimball*, 22 Ill. 538; *Walker* v. *Hadduck*, 14 id. 399.

This annual interest was not an open running account, but was a sum certain, due at a definite time, on which, under the statute in force when this note was made, interest was allowable. (*Alcohol Works* v. *Sheer*, 8 Bradw. 370; *Dobins* v. *Higgins*, 78 Ill. 442; *Ditch* v. *Vollhardt*, 82 id. 134; *Maltman* v. *Williamson*, 69 id. 423; *Haight* v. *McVeagh*, id. 624; *Clark* v. *Dutton*, id. 522.) The latter case contains a very clear definition of the two classes, liquidated and unliquidated demands.

This note, and its force and effect, is to be adjudicated upon the law in force at its date. *Herring* v. *Woodhull*, 29 Ill. 100.

But if the special contract contained in this note is found to be unaffected or uncontrolled by any statute of this State, it is to be enforced strictly according to its terms. *Parmelee* v. *Lawrence*, 48 Ill. 343.

That the parties may stipulate for the payment of interest on interest in advance of its falling due, see *Scott* v. *Safford*, 37 Ga. 384; *Hale* v. *Hale*, 1 Caldw. 233; *Bledson* v. *Nixon*, 69 N. C. 000; *Lewis* v. *Paschal*, 37 Texas, 318; *Pawling* v. *Pawling*, Yates, 220; *Watterson* v. *Root*, 4 Ohio, 373; *Preston* v. *Walker*, 26 Iowa, 205; *Mann* v. *Cross*, 9 id. 327; *Pierce* v. *Rowe*, 1 N. H. 179; 3 id. 40; *Page* v. *Williamson*, 54 Cal. 562; *Greenleaf* v. *Kellogg*, 2 Mass. 567; *Cattin* v. *Layman*, 26 Vt. 46; *Capen* v. *Crowell*, 66 Me. 282; *Craig* v. *Collender*, 2 Minn. 350; *Kent* v. *Brown*, 3 id. 347; *Cramer* v. *Lepper*, 26 Ohio St. 59; *Calhoun* v. *Marshall*, 61 Ga. 275; *Kennon* v. *Dickens*, N. C. Conf. 357; *Taliaferro* v. *King*, 9 Dana, 331; *Anktell* v. *Converse*, 17 Ohio St. 11; *Brewster* v. *Wakefield*, 1 Minn. 352; *Mills* v. *Jefferson*, 20 Wis. 59.

Mr. Justice ·Shope delivered the opinion of the Court:

. The plaintiff below, John·Neely, filed his claim in the county court of Jersey county, against the estate of Joshua Neely,. deceased, upon a promissory note, as follows :

"$3481.31.        Jerseyville, Ill., *Feb. 12, 1876.*

"One year after date, for value received, I promise to pay to the order of John Neely thirty-four hundred eighty-one $\frac{31}{100}$ dollars, with ten per cent interest from date, at the banking house of Cross, Carlin & Co., interest payable annually, and if not so paid, to become the principal, and to bear the same rate of interest.                Joshua Neely."

On the note were the following indorsements : "Oct. 4, 1879,. received two thousand dollars on this note ;" "Paid $300,. (three hundred dollars,) Nov. 28, 1883 ;" "Paid upon the with-·in Feb. 20, 1886, $1000 by M. E. Bagley."

The county court allowed the claim, but refused to allow interest upon the interest. On claimant's appeal the cause was tried in the circuit court without a jury, and the court. allowed and rendered judgment for the principal and interest,. and· interest upon interest,. as provided in the note. The· administrator appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed. The case is brought to this court by the further appeal of the administrator.

It is not contended that the note provides for the payment of usurious interest, or that a sum in excess of the legal rate was reserved therein. The question presented is, whether the interest on the note, if not paid when due, according to the terms of the note, (that is, annually,) became principal, and drew interest, and whether such interest upon the interest is collectible,—that is, whether compound interest can be contracted to be paid. It is conceded that the interest was not paid when due, or was not paid annually from the date of the note, and it is shown by the two judgments of the county and

circuit courts, that a difference of something in excess of $500 will be made if interest upon over-due interest is allowed. It was said in *Leonard* v. *Villars' Admr.* 23 Ill. 377 : "To compute interest upon interest after its maturity, has by all courts, whether exercising equity or common law jurisdiction, been held to be compound interest, and in violation of law." It is clear that the contract is here for compound interest. This question has been considered by this court, and we have uniformly held that compound interest is not recoverable in this State. In the late case of *Drury* v. *Wolfe et ux.* 134 Ill. 294, it was said : "The general rule recognized by this court is, parties can not be bound, by any contract made before interest is due, for the payment of compound interest,"—citing *Leonard* v. *Villars' Admr. supra; Harris* v. *Bressler,* 119 Ill. 467 ; *Bank* v. *Davis,* 108 id. 633, and other cases.

It may therefore be regarded as the settled law of this State, whatever may be the rule elsewhere, that parties to a contract can not stipulate in advance for the payment of interest upon interest. An exception to this rule is made in respect of interest-bearing coupons attached to bonds or other securities for the payment of money. By commercial usage, such coupons, when payable to bearer, have the legal effect of promissory notes, by the law merchant, and possess the attributes of negotiable paper. Jones on Railway Securities, sec. 320, and cases cited. See, also, *Aurora City* v. *West,* 7 Wall. 105 ; *Clark* v. *Iowa City,* 20 id. 583 ; *Miller* v. *Town of Berlin,* 13 Blatch. 245 ; *Evertson* v. *Bank,* 4 Hun, 692 ; 66 N. Y. 14 ; *Partridge* v. *Bank of England,* 9 Q. B. 396. They are written contracts for the payment of a definite sum of money on a given day, and pass from hand to hand, by commercial usage, as negotiable paper, and it is for this reason that they have been sustained.

In the case of coupons the interest is not compounded indefinitely, and that is one of the reasons given by the courts for excepting them from the operation of the general rule, and

it is said that interest is not here sought to be compounded indefinitely, but only upon the annual interest upon the principal sum as it fell due and remained unpaid. This is undoubtedly true, but it is here reserved or contracted to be paid in the same instrument, and the commercial usage before referred to, in respect of detached coupons, or which may be detached, and pass as independent commercial paper, can not apply. As said in *Drury* v. *Wolfe, supra:* "There is therefore no authority in this (the rule in respect of interest-bearing coupons) for holding that interest may be compounded indefinitely, or at all, in cases where the payment of the interest is not secured by some negotiable instrument, independent of the instrument whereby the original indebtedness is promised to be paid."

The contract not being usurious, it follows that appellee was entitled to recover the principal and simple interest at the rate fixed by the note, being the legal rate at the time of its execution, less the payments that had been made, but not interest upon interest, and that the circuit court erred in rendering judgment therefor. The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court for re-trial, in conformity with the views here expressed. ·                          *Judgment reversed.*