### STEPHEN H. BOWMAN, ADMR.,

*v.*

### JOHN NEELY.

*Filed at Springfield, June 12, 1894.*

1. USURY—*provision in note for compounding interest.* A provision in a promissory note for the payment of the highest legal rate of interest from its date, annually, and if not so paid, the annual interest should become principal, and bear the same rate of interest as the original principal, does not render the note usurious, and the principal is recoverable with the interest named. But interest on interest is not recoverable.

2. Where a greater rate of interest is reserved than is allowed by law, this will be usury, and in such a case the statute provides that the creditor shall forfeit his interest, and shall recover only the principal debt. But when interest upon interest, or compound interest, is sought to be recovered, if no more than the legal rate of interest is charged there is no usury, within the meaning of the statute. But the law will not allow the recovery of compound interest.

3. There are but two exceptions to this latter rule: first, in relation to interest-bearing coupons attached to bonds, or other securities, for the payment of money. Such coupons, when payable to bearer, have by commercial usage the legal effect of promissory notes. The interest on such bonds is not compounded indefinitely, but once only. The second exception is in cases where the interest having become due, and remaining unpaid, the debtor then agrees to have the accrued interest added to the principal and become interest bearing.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

On February 12, 1876, Joshua Neely made and delivered to John Neely, plaintiff below, his promissory note, as follows:

"$3,481.31          Jerseyville, Ill., Feb'y 12th, 1876.

One year after date, for value received, I promise to pay to the order of John Neely, thirty-four hundred eighty-one

31-100 dollars, with ten per cent. interest from date, at the Banking House of Cross, Carlin & Co. Interest payable annually, and if not so paid to become principal and bear the same rate of interest.

  "JOHN HOPPER.          JOSHUA NEELY."

On the back of this note the following credits were endorsed: "October 4, 1879, received two thousand dollars on this note;" "Paid ($300.00) three hundred dollars, November 28, 1883;" and "paid upon within February 20, 1886, $1,000 by M. E. Bayley." Since this last mentioned payment nothing more has been paid upon it.

Joshua Neely died on January 20, 1887. On December 3, 1888, John Neely, the payee, filed his claim in the County Court of Jersey County against the estate of said Joshua Neely, deceased, based upon the note above recited, filing with the same his affidavit that there was due him upon said note, after allowing all just credits, the sum of $5,248.25. The County Court allowed $4,025.93 on said claim February 16, 1889. The plaintiff, John Neely, thereupon appealed to the Circuit Court, where he obtained a judgment for $5,532.46. On appeal, that judgment was affirmed by the Appellate Court. From which judgment of affirmance Stephen H. Bowman, administrator with the will annexed of the estate of Joshua Neely, deceased, appealed to this court, where the judgments of the Circuit and Appellate Courts were reversed, and the cause remanded to the Circuit Court for a new trial, in conformity with the views expressed in the opinion of the court then filed. *Bowman* v. *Neely*, 137 Ill. 443.

In accordance with such remanding order, said cause was again tried in the Jersey Circuit Court, where issue was joined upon defendant's plea of usury, then for the first time interposed. The cause, by agreement of parties, was heard by the court without a jury, and judgment was rendered in favor of the plaintiff, and against the defendant, for $4,748.52. The defendant appealed from that judg-

ment to the Appellate Court, and from the judgment of affirmance in the Appellate Court he brings the cause here.

Mr. T. S. CHAPMAN and Mr. A. M. SLATEN, for the appellant:

Compound interest is not recoverable in this State. *Leonard* v. *Villars*, 23 Ill. 377; *Harris* v. *Bressler*, 119 id. 467; *Bank* v. *Davis*, 108 id. 633; *Peddicord* v. *Counard*, 85 id. 102; *Leonard* v. *Patton*, 106 id. 99; *Mutzenbaugh* v. *Troup*, 36 id. App. 261.

Mr. J. S. CARR, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

It appears that appellee's judgment for $4,748.52 against appellant included the principal of the note for $3,481.31, less the proper deductions for the several payments, as of their respective dates, and interest calculated at the rate of ten per centum per annum, simple interest. The note provided, that interest should be paid on the principal at the rate of ten per cent per annum from date, and that it should be payable annually, and if not so paid, should become principal, and bear the same rate of interest as the original principal. Appellant contends that this provision in the note rendered the contract usurious, and that it was error to allow appellee any interest whatever, that the judgment should have been only for the principal of the note, less the amounts of the several payments endorsed thereon.

In our opinion, the case at bar does not come within the purview of Sec. 6, Ch. 74, of Rev. St. of 1874. The decisions of this court bearing on this question may be divided into two general classes: First, where a greater rate of interest is sought to be recovered than is allowed by law. This is usury, and, in such a case, the statute provides that the creditor shall forfeit his interest, and shall recover only the principal of the debt. And second, where interest upon interest, or compound interest, is sought to be recov-

ered; in that case, if no more than the legal rate of interest is charged, there is no usury, within the meaning of our statute. From motives of public policy, however, the law will not allow the recovery of compound interest. There are but two exceptions to this latter rule: First, in respect to interest-bearing coupons attached to bonds or other securities for the payment of money. Such coupons, when payable to bearer, have, by commercial usage, the legal effect of promissory notes, and possess the attributes of negotiable paper. They are contracts for the payment of a definite sum of money on a day named, and pass, by commercial usage, as negotiable paper. The interest on such bonds, however, is not compounded indefinitely, but is compounded once only. These are the reasons why they are excepted from the operation of the general rule. The second exception is in cases where, the interest having become due and remaining unpaid, the debtor then agrees to have the accrued interest added to the principal and become interest-bearing. *Leonard* v. *Villars*, 23 Ill. 377; *Haworth* v. *Huling*, 87 id. 23; *Thayer* v. *Mining Company*, 105 id. 553; *Bank* v. *Davis et al.*, 108 id. 633; *Gilmore* v. *Bissell*, 124 id. 488; *Bowman* v. *Neely*, 137 id. 443.

The case at bar, however, does not come within either of these exceptions to the general rule. Here, the payment of the interest was not secured by a separate and independent instrument, as in the case of coupons attached to bonds, but the payment of the principal and interest were secured by one and the same paper; and the payment of compound interest was here agreed upon in advance, and not after the interest had accrued. Appellee was entitled to recover the principal of the note here in controversy, he making proper deductions for all payments made, together with simple interest from the date thereof, at the rate of ten per cent per annum, the rate contracted for in the note, that being lawful interest at the time the instrument was executed.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*