WILLIAM W. BLAIR,

*vs.*

CLAYTON ENTERPRISE COMPANY.

*Kent, Sept.* 27, 1910.

When the fund for distribution by a receiver among the creditors of an insolvent corporation is insufficient to pay all the creditors in full, including interest to the date of the order for distribution, and there are no liens entitled to priority of payment, *Held.*

(1) All claims are on the same footing, whether based on bonds, promissory notes or book accounts.

(2) Interest will not be allowed unless claimed in the statement filed.

(3) Claims based on instruments bearing interest according to the terms thereof are on the same footing with other claims as to interest.

(4) Interest is allowed only to the time of the appointment of the receiver.

PETITION FOR PARTIAL DISTRIBUTION OF ASSETS OF RE-CEIVERSHIP ESTATE. A receiver having been appointed for the defendant company, numerous claims, consisting of book accounts, bonds and promissory notes, were filed, and exceptions to the validity and priority of a large number thereof were taken by the receiver. The said claims and exceptions were referred to a special master and upon the filing and approval of his report the receiver presented a petition for allowances to himself, his counsel and to said master, and recommended a partial distribution of the assets among the creditors whose claims had been allowed, and prayed for instructions as to the payment of interest on certain of the claims.

The petition was submitted without argument, and the opinion contains a statement of the facts.

*Arley B. Magee*, for the receiver.

THE CHANCELLOR: The master having reported upon the claims to which exceptions were taken, and no objections having been made to his report, the receiver has in his report submitted a list of all claims allowed, including those allowed by the master. No exceptions having been taken to the report of the receiver, or to the petition of the receiver for allowances to himself and to his counsel, as well as to the master, an order has heretofore been made making allowances for the services of the master and his expenses, and allowances to the receiver and his counsel on account. The report of the master also sets out that certain taxes and rent due are entitled to priority, and an order will be made for the payment of these last mentioned claims in full. All the assets have not yet been collected, but it seems proper at this time to make a partial distribution among the creditors upon the basis recommended by the receiver, namely, sixty *per centum* to those whose claims have been proven and allowed. Before doing so, however, it is important to consider certain questions.

First, as to the grades of claims. There are now no liens upon either the real or personal property involved in the distribution; hence no priorities are to be observed. The claims filed are based upon promissory notes, bonds and book accounts. Under the wise and sound ruling of Chancellor Wolcott, made in the administration of the *Lord & Polk Chemical Company*, reported in 7 *Del. Ch.* 248, 44 *Atl.* 775, all these claims are on an equal footing, no one of them bearing priority of payment over the other.

Second. Interest. Only one claim bears interest according to the terms mentioned in the instrument upon which it is based. All creditors with claims based upon bonds or notes, and some of the other creditors, claimed and were allowed interest. When interest was allowed upon claims, the receiver in his report calculated interest down to a common date (September 1st, 1910) arbitrarily selected by him, and this day was subsequent to the appointment of the receiver, and, of course, prior to any distribution to creditors. The assets are not and will not be sufficient to pay even the principal of all the debts of the company. Three questions arise:

(1)   Should interest be allowed upon all claims, or only upon those where a creditor has by his probated claim asked for the payment of interest?   If a creditor does not, in the sworn statement of his claim, demand interest, it is to be assumed that he has either waived it, or that he is not entitled to it by agreement, or some other circumstance.

(2)   Is any difference to be observed between claims which bear interest according to the terms of the instrument upon which they are based and those which do not?   It seems clear that there should be no difference between them.   This is quite in line with the reasoning of the Court, made respecting the *Lord & Polk Chemical Company*, above referred to.   The duty to pay debts when due applies to all kinds of claims, whether interest is demanded by virtue of contract, or awarded by usage. It is an incident to the duty of payment and the probable obligation of the debtor, whether he has agreed to pay interest or not.   This was so held in *Williams v. American Bank*, 4 *Metc.* (*Mass.*) 317, a decision of Chief Justice Shaw, administering the distribution of the estate of an insolvent decedent according to general equitable principles.   Also in the case of *In re Murray*, 6 *Paige* (N. Y.) 204.   There the affairs of an insolvent corporation were administered by an assignee appointed by the Chancellor, pursuant to a statute of New York.   At the time of the assignment the assets were insufficient to pay the principal of the debts, but later the assets were increased so as to pay all the principal and part of the interest of the debts. Chancellor Walworth held:

"Equality among creditors is equity;  and where interest is recoverable either upon the express agreement of the parties, or as legal damages, for the non-payment of the debt when it should have been paid, the creditors are all entitled to participate in the distribution of the fund, ratably, in proportion to the amount due them respectively for principal and interest up to the date of the assignment."

(3)   To what time is interest to be allowed?   Interest should be calculated on claims down to the date of the order of the appointment of a receiver,   where, as here, there are no liens to be considered.   This is the settled practice in the ad-

ministration of estates of insolvent corporations in Delaware. This is also the settled rule in the federal courts exercising like jurisdiction as courts of equity in like cases. In the case of *Thomas v. Western Car Co.*, 149 *U. S.* 95, 116, the Court thus stated the principle:

"As general rule, after the property of an insolvent passes into the hands of a receiver, or of an assignee in insolvency, interest is not allowed on claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate."

In *Chemical Nat. Bank v. Armstrong*, 59 *Fed.* 372, Judge Taft, in a case where he was administering the affairs of an insolvent national bank for which a receiver had been appointed under the federal statutes, said as follows:

"The amount of the claim as proven is a mere measure of the creditor's right and interest in the fund realized from the assets. The claim as proven is a claim *in rem*, and not *in personam*. This may be illustrated in respect to interest. As against the insolvent bank the debt of the creditor continues to bear interest. As against the assets, interest is calculated only to the date of the suspension and the vesting of the title of the assets in the receiver."

See, also, *Grand Trunk, etc., Co. v. Central Vermont R. Co.* (*C. C.*) 91 *Fed.* 569; *Jourolmon v. Ewing*, 85 *Fed.* 103,; *First Nat. Bank v. Ewing*, 103 *Fed.* 168, 195; *Boston & Albany, etc., Co., v. Mercantile, etc., Co.*,82 *Md.* 535, 34 *Atl.* 778; *In re Murray*, 6 *Paige* (*N. Y.*) 204.

As a new proposition, it may be thought that the rule should be otherwise. If interest is an incident to the debt, as a matter of contract, or by usage, or as damages for a tortious delay in payment, then interest should run until payment. Where there is a judicial administration of the assets of the debtor, interest should be allowed until the last judicial act by which the amount due is ascertained. This was the view of Chief Justice Shaw in the case of *Willaims v. American Bank*, cited above. The reason, and perhaps the only one, given in the other cases above cited, is that the delay in payment is necessarily incident to the liquidation and settlement of the estate

and is the delay of the Court and not the debtor. This would seem to be rather a reason to continue interest to the time of the order of distribution, rather than to an earlier date. Inasmuch as the Court by the appointment of the receiver, or other judicial sequestration of the property of the insolvent debtor, suspends the rights of the creditors to collect their debts from the property of the debtor by the usual processes of law, the creditors should not be the losers thereby. As the practice and precedents are otherwise, no new rule will be adopted in this case, and interest allowed only down to the time of the appointment of the receiver, November 16th, 1909.

It should be noted here that this rule as to allowance of interest to the date of adjudication does not necessarily or probably apply to liens, or to the case where the assets are sufficient for the payment of the whole indebtedness of the insolvent, including interest to the time of distribution. *In re Murray* and *Chemical Nat. Bank v̂. Armstrong, supra.*

An order will be made in accordance with this opinion.