## O. C. Wilson Advertising Company, Defendant in Error, v. Edward A. Renwick, Plaintiff in Error.

### Gen. No. 21,499.

1. BILLS AND NOTES, § 426*—*what evidence inadmissible to show payment of coupon notes.* In an action upon two detached negotiable interest coupon notes payable to bearer without condition by the holders, *held* that evidence of payment by the maker of the interest upon the entire issue by indorsement of an architect's certificate to the holder of the trust deed securing the bonds from which the coupons were detached was properly excluded where it was not shown that the trustee had any sum belonging to defendant in its possession or that the architects had authority to make such a certificate.

2. BILLS AND NOTES, § 102*—*when interest coupon negotiable instrument.* Interest coupons which are detached from bonds and are payable to a bearer at a specific time and place, subject only to the limitation that the bond has not been paid before maturity of the interest coupon, are negotiable, and are free from any limitation contained either in the bond from which they were detached, or the trust deed securing them.

3. BILLS AND NOTES, § 84*—*how terms of interest coupon notes construed.* The terms of interest coupons which are payable to bearer at a specific time and place, subject only to the condition that the bonds are not paid before maturity, must be construed strictly against the maker, without reference to the bond from which they were detached, or the trust deed securing them.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916.

ZEISLER, FRIEDMAN & ZEISLER, for plaintiff in error.

FRANK P. MIES, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a suit upon two coupon interest notes for $3, each being a half yearly instalment of interest due

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on two bonds for $100, each secured, with other bonds aggregating $650,000, by a trust deed to Simon W. Straus as trustee, conveying a leasehold for a term of ninety-nine years of certain land in the City of Chicago and the Fort Dearborn Hotel situate thereon. The coupon interest notes are in the following form:

"On the first day of October, A. D. 1913, Edward A. Renwick will pay the bearer, at the office of S. W. Straus & Co., incorporated, in Chicago, Illinois, Three ($3.00) dollars in gold coin of the United States of America, of the present standard of weight and fineness being six (6) months interest on his bond dated April 1, 1913, numbered 632 (unless said bond shall have been previously redeemed or have become subject to redemption) with interest on the amount of this coupon after its maturity at the rate of seven (7%) per annum.

Chicago, April, 1913.          EDWARD A. RENWICK."

The bonds and coupons are all payable at the office of S. W. Straus & Company, a corporation, in Chicago. On a trial before court and jury the court instructed a verdict in favor of plaintiff and entered a judgment thereon for $6, and defendant brings the record here for review. In the bonds it is recited that reference is made to the trust deed "with the same effect as if herein fully set forth," and that "said trust deed and this bond, as well as all the other bonds aforesaid, are to be taken and construed together as parts of one and the same contract."

The trust deed recites that all of the bonds are to be issued, received and negotiated subject to certain conditions contained in forty of its sections, by section 7 of which it is provided that when the grantor, Renwick, shall deposit with the Straus Company the sum necessary to make a payment of principal or interest, the grantor's liability to pay the principal and interest covered by such deposit was *ipso facto* discharged and the holders were relegated to the Straus Company for payment.

These provisions we think are novel, in that the maker of the bonds, coupons and trust deed attempts to make the Straus Company the collecting agent of the holders of the bonds and coupons secured by the trust deed, and to discharge the primary liability of the maker upon the payment of the amount due by him from time to time to the Straus Company. Whether the maker has succeeded in shifting his primary responsibility upon the holders of the bonds, we do not feel called upon, in the condition of this record, to decide.

It seems that defendant attempted to pay the interest maturing on the whole indebtedness on the first of October, 1913, to Straus & Company by an architect's certificate for $19,500, the amount of interest due on that date. On the back of this architect's certificate was the indorsement: "S. W. Straus & Co. Please pay the within order and charge the same to my Bond Issue Loan Account with you. Edward A. Renwick." This, we think, was properly excluded, as there was nothing in the record to show that Straus & Company had $19,500 or any other sum belonging to defendant in its possession. Neither is there any evidence in the record that the architects had any authority to make such a certificate. One Wolff, cashier of the Straus Company and its employee for twelve years, testified that he sent to the defendant a letter reciting as follows:

"We beg to acknowledge receipt of your check for $19,500 in payment of the following items:    *    *    *

"Interest coupons made by yourself for $19,500.00 Fort Dearborn Hotel.

"The above coupons cancelled will be mailed to you as soon as received by us.

Yours truly,

S. W. Straus & Co.

W."

Defendant followed this up by offering in evidence a check dated September 30, 1913, drawn by S. W.

Straus & Company, to its order, for $19,500 on the Fort Dearborn National Bank of Chicago, which is indorsed by Straus & Company to the order of the Fort Dearborn National Bank. While, in the view we take of the case, this evidence was properly excluded, still we cannot understand, in the light of the foregoing admission by Straus & Company, why they did not pay the interest coupons in suit.

The interest coupons in evidence are detached from the bonds and are payable to bearer at a specific time and place, and therefore are negotiable, subject to the rules of law governing negotiable instruments. In discussing the negotiability of like coupons the court said in *Bowman v. Neely*, 137 Ill. 443:

"By commercial usage, such coupons, when payable to bearer, have the legal effect of promissory notes, by the law merchant, and possess the attributes of negotiable paper. * * * They are written contracts for the payment of a definite sum of money on a given day, and pass from hand to hand, by commercial usage, as negotiable paper." *Town of Eagle v. Kohn*, 84 Ill. 292.

The holding in *First Nat. Bank v. Bennington*, 16 Blatchf. (U. S.) 53, is to the effect that a coupon not under seal, payable to bearer at a definite time and place, is a complete instrument within itself and may be declared on without reference to the bond, and that assumpsit is an appropriate form of action.

It will be observed from the copy of one of the coupons sued upon, above set out, that it is without condition or limitation (unless the bond to which it is attached is paid before maturity of the interest coupon) and does not refer to any provisions contained in the trust deed securing it. We therefore treat these coupons as independent claims and negotiable instruments, free from any limitation contained either in the bond from which they were detached or the trust deed securing them.

We are not permitted to indulge in any construction which does not reasonably arise from the literal

terms of the interest coupons; we have no right to hark back to the bond or trust deed for aid in their interpretation. As the defendant is the maker of these interest coupons and created their terms and conditions, these terms must be construed strictly against him, and as they are by their terms payable without condition, the defense proffered is unavailing to prevent a recovery.

The judgment of the Municipal Court being without error, it is affirmed.

*Affirmed.*