## George F. Ramer, Appellee, v. Reserve Loan Life Insurance Company, Appellant.

### Gen. No. 24,503.

1. INSURANCE—*when unlawful to contract in advance for interest upon interest.* Prior to the Act of January 1, 1908, it was unlawful to contract in advance on policy loans for the payment of interest upon interest.

2. INSURANCE, § 26*—*what is value at which reserve must be maintained.* The portion of its assets which a life insurance company is required to set aside to meet liabilities is called the legal reserve, and it must be maintained at a value related to the net value of the policies in force.

3. INSURANCE—*when policyholder not required to pay compound interest on loan.* The fact that an insurance company must accumulate the fund to pay the cash surrender value of a policy by compounding interest imposes no obligation upon a policyholder, under a policy authorizing surrender at maturity, to pay compound interest on a loan for the reserve loan value of the policy.

4. INSURANCE—*how amount of reserve under life policy cannot be altered.* The amount of reserve under a life insurance policy and its basis of value have no relation to the distinct and separate undertaking of a borrower under the policy, the extent of whose obligation is to be determined solely by the language of his note or loan agreement, and it cannot be altered by any mathematical or legal necessity of the insurer.

5. INSURANCE—*when loan agreement is for simple interest.* A loan agreement on an insurance policy made prior to the Act of January 1, 1908, providing that "interest is payable annually in advance, but the undersigned may elect to have the interest added annually to the principal of the loan," must be construed as agreement to pay simple interest, since mere nonaction could not be considered an agreement to pay interest upon interest then due, and the inhibition against contracts in advance for the payment of interest upon interest could not be thus evaded.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919.

GEORGE J. KUEBLER, for appellant; GUILFORD A. DEITCH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

Henry W. Price and Hugh T. Martin, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

By this appeal we are asked to determine whether interest on a "Loan Agreement" given by plaintiff to defendant should be simple or compound. The trial court held for simple interest, and defendant says this was error.

On September 22, 1904, the defendant, a corporation of Indianapolis, Indiana, issued its policy upon the life of plaintiff, a resident of Chicago. The policy provided for the payment of a certain sum upon his death, and also that if all premiums were paid and the insured living on September 22, 1917, he would be entitled to certain options, which included the right to surrender the policy and withdraw the entire cash value. Plaintiff survived this period and paid all the required premiums. It is conceded by both parties that the amount to which plaintiff was then entitled on the policy was $1,018.10.

On the same day the policy was issued, that is, September 22, 1904, plaintiff executed a loan agreement, which is the subject of this controversy. In this was recited a loan from the defendant to the plaintiff of a certain sum; that the policy issued to plaintiff was pledged as collateral to secure the loan, which plaintiff promised to pay with interest at 5 per cent per annum. It was also provided that "interest is payable annually in advance, but the undersigned may elect to have the interest added annually to the principal of the loan." When plaintiff demanded the cash surrender value of his policy at its maturity, the company claimed the right to deduct the amount due under the loan agreement, which right is conceded by plaintiff. Plaintiff did not pay the annual instalments of interest upon the loan as they fell due, and the company now claims the right under the clause last above

quoted to compound the interest and deduct the amount of the loan, with interest thus compounded, from the company's indebtedness to plaintiff upon its policy. Plaintiff claims that the defendant is entitled to charge him only simple interest upon his loan. The difference between the two methods of computation is about $70.

Since the statute of January 1, 1908, it has been lawful as to policy loans thereafter made to compound interest (see Hurd's Rev. St. 1917, p. 1738, par. 208w, J. & A. ¶ 6515), but the instant loan was made in 1904, and it then was unlawful to contract in advance for the payment of interest upon interest. *Drury v. Wolfe*, 134 Ill. 294; *Bowman v. Neely*, 137 Ill. 443. The only exception was in respect of interest-bearing coupons. Defendant asks for a further exception in respect to policy loans.

A life insurance company is required by statute to set aside a portion of its assets to meet liabilities upon its policies. This is called the legal reserve, and it must be maintained at a value related to the net value of the policies in force; this is done by investments and reinvestments of interest income. The cash surrender value of the policy upon maturity to which the insured herein was entitled was equivalent to the reserve then accumulated by compounding interest to meet the obligation of that policy. The amount of the loan made to the insured was "the reserve loan value of its policy" at the date of the loan. From these facts the deduction is sought that there is a kind of mutual obligation on the part of both borrower and the company with respect to interest; that as the company accumulates its reserve by compounding interest, the borrower should also be so obligated, and that it is unfair to relieve the borrower from compound interest upon a loan from the fund which the company must accumulate by compound interest to meet its obligation under the policy. No authorities are cited involving this question, and we are of the opinion that

the contention of the defendant cannot be supported upon any reasonable grounds.

The obligation to maintain the reserve at a certain value concerns the solvency of the company; it relates to a standard fixed by the State and is a condition necessary to the continuation of the company's business (chapter 73, "Insurance," Hurd's Rev. St. 1915-16, par. 190, sec. 10, J. & A. ¶ 6469). The amount of reserve and its basis of value have no relation to the distinct and separate undertaking of the borrower, the extent of whose obligation is to be determined solely by the language of his note or loan agreement; this cannot be altered or changed by any mathematical or legal necessity of the lending company, whether such necessity is imposed in order that the company may meet its obligations under its policies or to avoid statutory penalties. A further step in defendant's logic would seem to require the borrower to supply any shortage in the reserve value which defendant would be obligated to pay under the policy. Manifestly this is untenable. We see no legal connection between the undertaking of the borrower and the financial methods incumbent upon the insurance company in order to meet its obligations to policyholders or in compliance with statutory requirements.

It is said that the failure of plaintiff to pay the annual instalments of interest when due operated as an election to have the interest compounded pursuant to the provision in the loan agreement that he "may elect to have the interest added annually to the principal of the loan." Under the cases cited, *supra*, *Drury v. Wolfe,* 134 Ill. 294, and *Bowman v. Neely,* 137 Ill. 443, this agreement must be considered as an agreement to pay simple interest, for it cannot be a legal agreement to compound interest. These cases also hold that after interest is due it may "by agreement then made, be added to the principal, and made to thereafter bear interest" (*Drury* case). No such agreement was made, and it would seem clear that

mere failure to act could not be considered as an agreement altering and changing the written instrument which provided for simple interest.

There is force in the suggestion that the provision concerning interest was drawn in this manner in an attempt to avoid the legal inhibition of contracting in advance for compound interest, but that in essence and operation it is such an illegal agreement.

For the reasons above indicated we hold that the judgment of the trial court was right, and it is affirmed.

*Affirmed.*