THE CENTRAL NATIONAL BANK OF PHILADELPHIA, a corporation under the laws of the United States of America,

*vs.*

BATEMAN & COMPANIES, INCORPORATED, a corporation of the State of Delaware.

In the Matter of the Claim of The Equitable Trust Company of New York, Trustee under a mortgage given to secure bonds of Bateman & Companies, Incorporated.

*New Castle, October, 28, 1925.*

*Robert H. Richards*, and with him *William N. Evarts*, of New York City, for the trustee under the mortgage.

*Herbert H. Ward*, of the firm of Ward Gray & Ward, and with him *Percy C. Madeira, Jr.*, of Philadelphia, Pa., for the receivers.

THE CHANCELLOR. There is no controversy between the trustee under the indenture of mortgage and the individual bondholders who through a committee representing them have appeared by their solicitors. The bondholders take the same position as does the trustee. The receivers contend that the distribution of the sum allowable for the bonds should be, not to the trustee in behalf of all bondholders, but to each bondholder in the several amounts respectively found to be due them. In this, I think, the receivers are in error. The bonds on their face make reference to the mortgage for the rights of the bondholders in the matter of collecting the debt evidenced by them. In the situation which has arisen, the trustee has, by reason of the terms of the mortgage, become the owner of the legal title to the chose in action evidenced by the bonds, and as the holder of such title is entitled to be paid what is due thereon. The reason for this need not be elaborated upon. Judge Morris in the United States District Court for this District has reviewed the authorities and stated the applicable principle in the case of *Continental-Equitable Title & Trust Co. v. National Properties Co.*, (*D. C.*) 273 *F.* 967. In addition to the authorities referred to by him in support of his conclusion, the case of *Laing v. Queen City Railway Co.*, (*Tex. Civ. App.*) 49 *S. W.* 136, may be also cited in this connection.

The trustee represents secured creditors whose claims were not paid in full from the proceeds of the pledged property. Such being the case, the trustee is entitled to prove as against the general fund for the full amount due as though nothing had ever been realized on the security, and to be paid out of the fund held for the benefit of general creditors such dividend or dividends as may be available for unsecured creditors, provided, of course, that in no event shall it receive from either or both sources more than the full

debt. *Mark v. American Brick Mfg. Co.*, 10 *Del. Ch.* 58, 84 *A.* 887. It is apparent from the uncontested claims filed that the trustee will not be paid from all sources as much as the face of its claim.

Under the terms of the mortgage, matured and unpaid coupons are entitled to draw interest from the date of their maturity to the date of their payment. Such coupons are thus converted by the contract into a principal debt. Though they are to draw interest, the rate thereof is not specified. The legal rate of six per cent. will be allowed.

Down to what date shall interest on the principal sum of the bonds as well also as upon the matured and unpaid coupons be calculated? This is the only remaining question to be decided. The receivers contend that interest is allowable·only to the date when the receivers were appointed, which was March 14, 1923; the trustee claims interest down to the date of the foreclosure sale of the mortgaged premises, which was May 28, 1924. The trustee bases its contention on the following sentence found in the opinion of the court in *Mark v. American Brick Mfg. Co.*, 10 *Del. Ch.* 58, 62, 84 *A.* 887, 889:

"The mortgagee, will, therefore, be allowed to share in the proceeds of the unmortgaged property, based on the full amount of his mortgage debt *and interest thereon to the day of sale of the mortgaged property,"etc.*

The general rule is that "after property of an insolvent passes into the hands of a receiver or an assignee in insolvency, interest is not allowed on the claims against the funds." This rule was announced by the Supreme Court of the United States in *Thomas v. Western Car Co.*, 149 *U. S.* 95, 13 *S. Ct.* 824, 37 *L. Ed.* 663. It has been accepted in this jurisdiction. *Blair v. Clayton Enterprise Co.*, 9 *Del. Ch.* 95, 77 *A.* 740.

Where, however, the funds are ample to pay all claims with interest after costs of administration are deducted, the rule does not apply. Interest in such cases is to be allowed to the date of payment. *People v. American Loan & Trust Co.*, 172 *N. Y.* 371, 65 *N. E.* 200.

Another exception to the general rule is recognized where the creditor is preferred by a lien security and the proceeds of his security are being distributed. In cases of this kind, the se-

cured creditor is entitled to his interest down to the date of payment even though nothing may be left for a dividend to claimants of an inferior rank. *Spring Coal Co. v. Keech, et al.*, 239 *F*. 48, 152 *C. C. A*. 98, *L. R. A*. 1917*D*, 1152; *Chemical National Bank v. Armstrong*, 59 *F*. 372, 8 *C. C. A*. 155, 28 *L. R. A*. 231.

In the instant case, the trustee is not seeking payment out of proceeds derived from property subject to a lien in its favor. Nor is the case one where the fund is sufficient to pay all claims in full. The general rule above quoted is, therefore, applicable to the situation. The fund now in court was derived from assets unencumbered by any lien or rights of priority. All claimants upon it are therefore general unsecured creditors and as such stand on an equal footing. By what right has one a better claim to be favored out of it than have others? No principle would permit the trustee possessing the status of a general creditor to be given any superior rights to interest simply because it happened to have such rights with respect to other assets located elsewhere, which assets, or their proceeds, it has in due course received in full. It cannot be allowed interest out of this general fund after the date of the receivership. *Solomons v. American Building & Loan Assn.*, (C. C.) 116 *F*. 676; *First National Bank v. J. J. Campbell Co.*, 52 *Tex. Civ. App*. 445, 114 *S. W*. 887.

In view of the foregoing it is difficult to see how the language found in *Mark v. American Brick Mfg. Co.*, quoted *supra*, can be accepted as expressive of the correct rule. It is to be observed that the case in which the quoted language was used was not debated before the Chancellor, and it is entirely possible that the sentence was inadvisedly written, especially in view of the apparent fact that it was not directed to the principal point the Chancellor was considering.

Let an order be entered in accordance with the foregoing.