## AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

District Court, S. D. New York.
Jan. 5, 1939.

PATTERSON, District Judge.

The question is whether interest shall be paid on past due coupons of the Interborough 7 percent notes, out of monies received by the trustee for noteholders from the collateral pledged to secure the notes.

The notes, of which roughly $30,000,-000 in face amount are outstanding, were issued in 1922 under an indenture running to Bankers Trust Company as trustee for noteholders. Some $55,000,000 Interborough First and Refunding 5% Bonds were pledged as security for the notes. The indenture contained a covenant by the Interborough that the notes and also any overdue coupons should carry interest at 7 percent after maturity. The notes matured on September 1, 1932 and were not paid. The interest coupons due September 1, 1932, as well as earlier coupons on some of the notes, were likewise not paid. Since that time the Interborough receiver has steadily paid to the trustee interest on the underlying bonds, such payments sufficing to meet interest on the notes and on the unpaid coupons, and also to permit partial payments toward reduction of the notes and coupons.

In 1934 Bankers Trust Company as trustee brought a petition for instructions of the receivership court as to the proper distribution of the funds received by it as interest on the underlying bonds. Among the points then argued was whether interest should be paid on the overdue coupons. The court held that interest was payable on overdue coupons. American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 11 F.Supp. 418, decided June 24, 1935. The court took the view that while under New York decisions the agreement to pay interest on overdue coupons was unenforceable, the matter was one of general commercial law on which federal cases were controlling, under the rule of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, and that the cases in the federal courts were the other way. An order was made, December 3, 1935, to the effect that the holders of the overdue coupons were entitled to simple interest on the face amount of the coupons from the date of maturity at 7 percent per annum, and another order was made, December 16, 1935, directing Bankers Trust Company as trustee to continue paying interest on the

coupons until further order. No appeal was taken.

The present question is whether further payments of interest on the overdue coupons may be made, in view of the recent decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, overruling Swift v. Tyson, supra. The argument of those opposing payments is that by Erie R. Co. v. Tompkins, supra, the federal courts are bound in cases like the present to apply the rules of substantive law laid down by the state courts, and that under the law laid down by the New York courts no interest may be paid on overdue coupons. There can be no doubt that under the Tompkins doctrine the law of New York as declared by the New York courts is controlling. So the question is whether an agreement by a borrowing company to pay interest on coupons not met at maturity is void by New York decisions. No one urges that such an agreement violates the statute against usury or any other New York statute; it clearly does not. The argument is that it is offensive to a public policy declared by the New York courts. As noted above, the earlier opinion in this case had a dictum to that effect. But while great weight must be given to anything said by the learned judge who wrote that opinion, I have not found any case in the New York courts that supports the proposition.

In New York an agreement at the time of a loan to pay compound interest is void. It is said that such agreements, while not usurious, are "a temptation to negligence on the part of the creditor and a snare to the debtor, and prove in the end oppressive, and even ruinous." Young v. Hill, 67 N.Y. 162, 168, 23 Am.Rep. 99. "Interest upon interest, promptly and incessantly accruing, would, as a general rule, become harsh and oppressive. Debt would accumulate with a rapidity beyond all ordinary calculation and endurance. Common business cannot sustain such overwhelming accumulation. It would also tend to inflame the avarice, and harden the heart of the creditor." Connecticut v. Jackson, 1 Johns.Ch. 13, 17, 7 Am.Dec. 471. See also Newburger-Morris Co. v. Talcott, 219 N.Y. 505, 114 N.E. 846, 3 A.L.R. 287. Compounding interest is the adding of accumulated interest to the principal at periodic intervals. An agreement to pay simple interest on an overdue installment of interest is different. Computations show it to be far less onerous on the debtor. The distinction was noted in Young v. Hill, supra, where the court said (page 174): "An agreement to pay simple interest upon the several instalments of interest as they became due * * * might not be unreasonable or inequitable". The same distinction between compound interest and simple interest on overdue interest installments has been recognized elsewhere. Parker v. McGinty, 77 Colo. 458, 239 P. 10; Bledsoe v. Nixon, 69 N.C. 89, 12 Am.Rep. 642. Vaughan v. Kennan, 38 Ark. 114; Morgan v. Mortgage Discount Co., 100 Fla. 124, 129 So. 589; note in 27 A.L.R. 81. While general statements may be found in New York cases to the effect that an agreement to pay "interest on interest" is invalid, the fact is that the agreements under discussion were agreements to pay compound interest. In my opinion the cases dealing with agreements for compound interest do not touch the present case.

Williamsburgh Savings Bank v. Solon, 136 N.Y. 465, 32 N.E. 1058, was relied on at argument as an authority against the allowance of interest on overdue coupons. In that case there was no promise by the borrower to pay interest on overdue coupons. The court merely held that the law would not add such a promise or such a consequence, except where the coupon had been detached and was held by one who did not hold the bond. The distinction dependent on who holds the coupon is a curious one and has not escaped criticism by text writers. But in any event the opinion in the Williamsburgh case does not suggest that a covenant to pay interest on overdue coupons would not be countenanced. The fact that even without a covenant interest is allowed on a dishonored coupon in the hands of a person who does not have the bond must mean that there is no public policy in New York against a covenant of the kind involved here.

It thus appears that the New York courts have not rendered a decision on the validity of a covenant by a borrowing corporation to pay simple interest on overdue coupons. The argument for invalidity rests on the cases dealing with agreements for compound interest. But the reasons that led the New York courts long ago to condemn agreements for compound interest have only a remote bearing on agree-

956

ments for simple interest on overdue coupons. On the other hand there are strong reasons for concluding that a covenant to pay simple interest on overdue coupons is valid in New York. If there were a public policy against the allowance of such interest, the court in the Williamsburgh case would hardly have sanctioned recovery of interest on a coupon held by one who did not hold the bond, where there was not even a covenant to pay such interest. The common appearance of a covenant of this character in contracts for the issuance of corporate bonds and notes indicates its general acceptance by the commercial community. In other states the covenant has uniformly been held valid at common law, even where as in New York agreements in advance for compound interest are not generally recognized. Bowman v. Neely, 137 Ill. 443, 27 N.E. 758; Bowman v. Neely, 151 Ill. 37, 37 N.E. 840; Parker v. McGinty, 77 Colo. 458, 239 P. 10; Central Nat. Bank v. Bateman & Companies, 15 Del.Ch. 31, 131 A. 202; Merck v. American Land Mortgage Co., 79 Ga. 213, 7 S. E. 265; Murtagh v. Thompson, 28 Neb. 358, 44 N.W. 451. It is also significant that by the impressive weight of authority in other jurisdictions overdue coupons are held to draw interest as matter of law, without the assistance of express agreement to that effect by the debtor. 33 Corpus Juris, page 205; Williston on Contracts, section 1417; Daniel on Negotiable Instruments, section 1914. Finally, it is to be borne in mind that in general parties may make what contracts they please. The law enforces the contract as it is written, unless it is contrary to statute or to settled public policy. The burden is on him who asserts invalidity to prove it, and in this case the burden of proving that the covenant to pay interest on overdue coupons is invalid by New York law has not been sustained. The decision is that the covenant is valid and enforceable under New York law, and that interest at 7 percent should be paid on the outstanding coupons.

The other point argued at bar was whether the court was bound to follow the 1935 orders directing payment of interest on the coupons. Since I am of opinion that those orders correctly determine the rights of the parties, there is no need for discussion of the point. There will be an order directing Bankers Trust Company to continue payment of interest on the coupons until further order.