Dows v. Durfee.

---

Same Term.  *Before the same Justices.*

## Dows and Cary *vs.* Durfee and Spencer.

An account of sales made by commission merchants in New-York for persons in Buffalo, sent to the latter, and remaining with them for two months without objection, is prima facie a stated account, acquiesced in by the parties receiving it. And this, although such account began with a.cash balance as due to the merchants in New-York, on an account previously rendered,

Dows *v.* Durfee.

THIS cause was referred to referees to hear and decide; and they having reported in favor of the plaintiff $4,457,96, the defendants moved to set aside the report.

*Wheeler & Clarke,* for the plaintiffs.

*Greene & Sheldon,* for the defendants.

*By the Court,* MITCHELL J.   On the 21st of May, 1844, the defendant Durfee, residing at Buffalo, wrote to the plaintiffs, in the city of New-York, to buy potashes for him and Spencer, (who lived near Lockport,) to the amount of $20,000, at $4,31 to $4,38 per 100 lbs., and to commence the purchase and advise them at once, that they might send the funds to the plaintiffs. On the 27th of the same month, both defendants joined in a similar letter to the plaintiffs, and instructed the plaintiffs to direct their letters on this subject to Mr. Durfee.   The plaintiffs made no proof of the purchase or sale of any ashes, nor of any instructions to sell, except what may be inferred from the correspondence next stated.   On the 30th of October, 1846, the plaintiffs wrote to the defendants, enclosing an account, showing a balance due to the plaintiffs of $4,239,50, and requesting the defendants to examine it and advise them of any errors in it; and asking that the balance due to them should be arranged at as early a day as possible.   On the 2d of November, Durfee acknowledged the receipt of that letter, and of the account current, and stated that he had not yet examined it; and asked for his own individual account, on which he claimed there was a balance due to him.   There is no evidence that either he or Spencer ever objected to the account as rendered, except by their defending this suit.   The suit was not commenced until January, 1847, about two months after the letter containing the account of the plaintiffs was received by Durfee.

It was objected that Spencer was not to be bound by a letter written to Durfee.   But in doing this, the plaintiffs followed his instructions of May 27th, 1844, which directed the plaintiffs to address their letters on this subject to Mr. Durfee.   That made

a letter to Durfee as effective on the rights of Spencer, as if addressed directly to Spencer.

As early as the year 1692, Lord Hutchins said, (2 *Vern.* 276,) that among merchants, it is looked upon as an allowance of an account current, if the one who receives it does not object against it in a second or third post. And in 1741, Lord Hardwick, speaking of an account transmitted to a merchant beyond sea, said that the keeping of the account any length of time, without making any objection, would bind the party. (2 *Atk.* 252.) The same doctrine is stated in 2 *Ves. sen.* 239, and 3 *John Ch. Rep.* 575; though the time referred to in the two last cases was two years or more.

The principle of the decisions is, that if the account has been kept so long that it must be inferred that the party receiving it has had time to examine it and object to it if it was wrong, he must be presumed to have acquiesced in it if he remained silent. (*See* 3 *Edwards, Ch. Rep.* 13, 14; 2 *Barb. Sup. C. Rep.* 594.) And the rule is applied not only to accounts of matters within the peculiar knowledge of the party receiving the account—as of goods furnished to him—but to the general account between merchants; to an agent for selling and leasing lands, and receiving the consideration moneys and the rents; (2 *Edw. Ch. Rep.* 1;) and to accounts of sales rendered by commission merchants. (2 *Barb. Sup. C. Rep.* 586.) The circumstance that the account here rendered began with a balance of $80,70 as due to the plaintiffs on a former account rendered on the same matter, does not prevent the same rule applying. It is evidence that such account was before rendered by items, and showed such a balance; and the silence of the defendants as to both accounts, implies their acquiescence in both.

It is unnecessary to say whether it was discreet in the plaintiff to rely on this testimony alone. It would, undoubtedly, have been much more satisfactory, if they had proved their whole account; and one would suppose it could not be difficult for them to do so. But on the other hand, the defendants, if they doubted the correctness of the account, could have compelled the production of the plaintiffs' books of account, and

could have examined the plaintiffs' book-keeper, who was a witness in the cause, and from the materials thus furnished, could have ascertained from whom, and to whom, the ashes had been sold, and at what prices; and could have examined the purchasers and sellers of the ashes, if they had chosen. Each chose, however, to rely on the effect of the evidence then before the referees. It is enough, then, that there was some legal evidence in favor of the plaintiffs, for the amount which they claimed, and that there is nothing against it. The referees were, therefore, justified in finding in favor of the plaintiffs.

The motion to set aside the report must be denied, with costs; and the report confirmed.

---

SAME TERM. *Before the same Justices.*