By the Court:

Fithian, J.
Without passing upon any of the other questions in this case, I think the referee erred in holding the account “ conclusive ” between the parties, under the circumstances in this case. The decision was correct in respect (to accounts stated between persons having no other than business relations (Phillips v. Belden, 2 Edward’s Chy. Rep., 1; Dow’s v. Durfee, 10 Barb., 213; Lockwood v. Thorn, 11 N. Y, 170 ; 1 Story’s Equity, sec. 526). The reason of the rule is that in the absence of any “ accident, fraud, or mistake,” the parties are presumed to stand equal, each knowing their respective rights and the true state of the accounts as against himself. And when a bill is rendered containing charges against a party, and he makes no objection after a reasonable time, it is a just inference that he admits their correctness. But I do not think this rule should be applied to married women or infants in cases arising between them and their husbands or guardians, because in those cases the parties do not stand equal, and are not presumed to have equal knowledge of their respective rights or of the true state of the accounts. I am aware that, as to married women, the tendency of recent legislation and adjudication has been to consider them, in respect to their separate property or business, *50 entirely as femes soles. But I do not think the courts have gone or will go the length of abrogating all the rules of the common law in respect to the relations formerly existing between husband and wife, especially that rule based upon the difference of sex, which considers the wife, to some extent, the weaker and dependent being, and subordinates her in many respects to her husband, and, as án equivalent, charges him with the duty of caring for and protecting her in all her rights and interests, in person and property. A part of that duty is, in all matters where he assumes to act at all in her business, to see to it, so far as he can, that she does not, either expressly or impliedly, stipulate away any right or be placed in any position to be barred or concluded of any right she may have. It is not, in my opinion, consistent with this, common-law obligation and relation that the husband should be permitted himself to estop or conclude the wife by an account stated, or any implied admission in any matter where the husband has assumed to act for her in respect to her separate business or property. There may be cases that have gone that length, but none such were cited on argument; and I have found none, with such examination as I have been able to give the case. I am, therefore, unwilling to be the first to hold a feme covert concluded by any such rule.
The judgment should be reversed with costs, reference vacated, and a new trial granted.