NEWBURGER-MORRIS COMPANY, Respondent, *v.* JAMES TALCOTT, Appellant.

Principal and agent — when factor entitled to interest on advances to principal cannot recover interest on interest on balances carried forward in monthly statements — account stated — when retention of monthly statements of factor by principal does not operate as account stated — construction of contract as to commissions to be had by factor — when factor entitled, under the contract, to legal expenses for protecting himself from acts of principal.

1. The rule is settled that a promise to pay interest upon interest is void if made at a time before simple interest has accrued. There are times, however, when a promise to pay compound interest will be enforced, if made after simple interest has accrued; and the promise may be the implied one that results from the statement of an account. Even in such cases there must be forbearance or other consideration to make the promise good.

2. In an action for an accounting by a principal against a factor, the factor, the defendant, was entitled to interest on certain advances and a commission on the sales. The defendant during the term of the contract sent monthly accounts current to the plaintiff, which retained them without objection, in which the balance due was carried forward into the next following statement and bore interest again, so that the interest was compounded monthly. The trial court has found that the retention of the accounts current under the circumstances did not establish an account stated and hence there was no promise to pay compound interest.

3. The agreement provided that defendant was to receive a fixed commission on the first sales up to a certain amount and afterward a smaller commission on sales. This was not a contract with annual renewals but a single contract running for one year at all events, and thereafter continuing until terminated by notice. Hence, defendant is entitled to commissions at the higher rate only once and not on the amount of such sales made annually.

4. The contract between the parties herein provides that the defendant shall have a lien not only for all advances, but also for all his expenses and commissions and all outlays of every sort, including all legal expenses and reasonable counsel fees and for all liabilities which shall be made or incurred by defendant in connection with

the said business or by reason of any act done or omitted by the plaintiff. The defendant was informed that the plaintiff was secretly removing merchandise so as to escape the defendant's lien, and the defendant thereupon employed counsel and detectives. *Held*, that he is entitled to reimbursement for the expenses thereby incurred and such expenses are proper charges against the consigned goods.

*Newburger-Morris Co.* v. *Talcott*, 172 App. Div. 485, modified.

(Argued November 21, 1916; decided December 28, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 15, 1916, which modified and affirmed as modified an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The following questions were certified:

"1. Is the defendant, under the contract plaintiff's Exhibit 1, entitled to charge interest compounded monthly at the rate of 6 per cent on all monthly debit balances due from the plaintiff to the defendant.

"2. Did the accounts current, plaintiff's Exhibit 22, rendered by the defendant to the plaintiff, become accounts stated and settled, and is the plaintiff precluded, under the pleadings and findings, from objecting on the accounting to the items in said accounts which are in derogation of the contract?

"3. Has the defendant a right under the contract, plaintiff's Exhibit 1, to charge the plaintiff 9¾ per cent commission on the sale of the consigned goods after the first $100,000 of sales had been made?

"4. Is the defendant only entitled to charge a commission of 5 per cent on all sales over and above $100,000 to be computed on the net amount of sales of the consigned goods during the lifetime of the contract?

"5. Has the defendant the right to charge the plaintiff with the fees of attorneys and detectives employed by him for his own protection in a controversy arising in and

about the severance of the relations between them, under the contract plaintiff's Exhibit 1, and in the protection, as against the plaintiff, of defendant's lien and interest in the security which he claimed to hold ?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius Henry Cohen* and *Theodore B. Richter* for appellants. The accounts current rendered by the defendant to the plaintiff and retained by it without objection constituted accounts stated and are no longer subject to attack or review. (*Lockwood* v. *Thorne,* 11 N. Y. 170; *Stenton* v. *Jerome,* 54 N. Y. 480; *Spellman* v. *Muehlfeld,* 166 N. Y. 245; *Daintrey* v. *Evans,* 148 App. Div. 275; *Manchester Paper Co.* v. *Moore,* 104 N. Y. 680; *Oil Co.* v. *Van Etten,* 107 U. S. 325; *Seymour* v. *Marvin,* 11 Barb. 80; *Young* v. *Hill,* 67 N. Y. 162; *Davenport* v. *Wheeler,* 7 Cow. 231; *Stern* v. *Ladew,* 47 App. Div. 331; *Southard* v. *Curley,* 134 N. Y. 148; *Con. F. J. Co.* v. *Wisner,* 103 App. Div. 453.) The method of computing commissions on sales adopted by the defendant and consented to by the plaintiff is in accordance with the contract. Since the defendant continued to make advances in reliance upon the plaintiff's acceptance of that method of computation, the plaintiff is now estopped from attacking it. (*Jacobs* v. *Morange,* 47 N. Y. 57; *Weed* v. *Weed,* 94 N. Y. 243.) The defendant was entitled to compute interest on all debits and credits monthly on the rendition of each account current. (*Young* v. *Hill,* 67 N. Y. 162; *Caliot* v. *Walker,* 2 Anstr. 495; *Smith* v. *Marvin,* 27 N. Y. 137; *Barrow* v. *Rhinelander,* 2 Johns. Ch. 555.) The plaintiff is, under the terms of the contract, chargeable with the reasonable expenses incurred by the defendant in protecting the property subject to his lien against the plaintiff's fraud. (Schouler on Bailments, 98, 99, §§ 180–182; *Furness* v. *U. Nat. Bank,* 147 Ill. 570; *Hills* v. *Smith,* 28 N. H. 369; *Field* v. *Sibley,*

74 App. Div. 81; 174 N. Y. 514; *Bank of Staten Island v. Silvie,* 89 App. Div. 465; *Davenport v. National Bank of Commerce,* 127 App. Div. 391; *Griggs v. Howe,* 2 Abb. Ct. App. Dec. 291; *Hays v. Riddle,* 1 Sandf. 248; *Ballingall v. Hunsberger,* 16 Penn. Sup. Ct. 117; *Hurst v. Coley,* 22 Fed. Rep. 183.)

*Frederick M. Czaki* and *Marion Erwin* for respondent. The accounts current rendered never were intended to be or become accounts stated or settled, and all of the transactions between the parties are open to investigation on the accounting. (*Rishel v. Weil,* 31 Misc. Rep. 70; *Derby v. Yale,* 13 Hun, 273; *Liscomb v. Agate,* 67 Hun, 388; *Perkins v. Hart,* 11 Wheat. 237; *Barker v. Hough,* 52 How. Pr. 382; *Staiger v. Klitz,* 136 App. Div. 874; *Harvey v. W. S. El. R. R. Co.,* 13 Hun, 392; *Eames V. B. Co. v. Prosser,* 157 N. Y. 289; *Spain v. Talcott,* 165 App. Div. 815.) Defendants, under the contract, were not entitled to interest compounded monthly on all monthly debit balances. (*Young v. Hill,* 67 N. Y. 162; *Schultze v. Morette,* 146 N. Y. 137; *Bank v. Town of Solon,* 136 N. Y. 465; *Rensens v. Arkenburgh,* 135 App. Div. 75; *Quackenbush v. Leonard,* 9 Paige, 334; *Van Benschooten v. Lawson,* 6 Johns. Ch. 313; *Connecticut v. Jackson,* 1 Johns. 13; *Kennedy v. Gibbs,* 15 Ill. 406; *Young v. Hill,* 67 N. Y. 162; *Matter of Atwood,* 3 App. Div. 578.) The charge of 9¾ per cent commission after the first $100,000 of sales had been attained cannot be sustained and was properly disallowed. (*Coulter v. Bd. of Education,* 63 N. Y. 365; *Rector, etc., v. Higgins,* 48 N. Y. 532; *Schroeder v. Frey,* 114 N. Y. 266; *Appleby v. Astor Fire Ins. Co.,* 54 N. Y. 253; *Witty v. Matthews,* 52 N. Y. 512; *Brown v. Curtiss,* 2 N. Y. 225; *Giles v. Comstock,* 4 N. Y. 271; *Kinney v. McBride & Co.,* 88 App. Div. 92; *Collier v Miller,* 137 N. Y. 332; *Thompson v. Simpson,* 128 N. Y. 270.) The contract gave Mr. Talcott no right to charge the plaintiff with the fees of

attorneys and detectives employed by him for his own protection in a controversy arising in and about the severance of the relations between them and in the protection as against the plaintiff, of his lien and interests in the security which he held. (*Boise* v. *Talcott*, 212 Fed. Rep. 268; *Doddridge Oil Co.* v. *Smith*, 173 Fed. Rep. 389; *Willard* v. *White*, 56 Hun, 581; *Worth* v. *Tibbitts*, 87 Hun, 352; *Green* v. *Winter*, 1 Johns. Ch. 26; *Havana Ry. Co.* v. *Ceballos*, 49 App. Div. 263.)

CARDOZO, J. The action is one for an accounting by a principal against a factor. The plaintiff agreed to consign to the defendant its goods then owned and also all goods acquired during the term of the agreement. The defendant was to sell them, and was to collect the accounts. He agreed to make advances on demand up to 50 per cent of the net cost of the merchandise and 75 per cent of the net value of outstanding accounts. He was to receive for his services " 9¾ per cent commission on the first $100,000 of sales " and 5 per cent on all sales above that amount. Interest was to be " charged on the account current * * * at the rate of 6 per cent per annum." The agreement was dated June 21, 1909, but business was not begun under it till September 1, 1909. It was to continue from its date " to and including September 1, 1910, and thereafter subject to termination at any time upon thirty days written notice given by either of said parties to the other." The plaintiff gave notice of termination on September 29, 1911.

During this period of their dealings the defendant sent the plaintiff monthly accounts current. The first account was rendered on October 1, 1909, and the last on September 1, 1911. The trial judge found that the plaintiff retained them; that it made no objection to any of them till October, 1911; that they were untainted by fraud; and that the plaintiff read and understood them. He refused, however, to find that they were "intended

by the defendant and understood by the plaintiff as complete statements of the account between the parties for the period covered thereby." In these statements the plaintiff is charged with the defendant's advances, his disbursements and his commissions. It is credited with his collections, which are not itemized. To explain the computation of commissions, there is appended a schedule of "sales as reported." This schedule gives the total sales for each day. It does not give the items and does not name the purchasers. The debit balance in each statement includes interest on advances and on other charges. The balance thus reached is carried forward into the next following statement, and bears interest again. Interest is thus compounded monthly. During the first year of business commissions are charged on the first $100,000 of sales at the rate of $9\frac{3}{4}$ per cent, and thereafter at the rate of 5 per cent. During the second year, beginning September 1, 1910, this process is repeated. The trial court and the Appellate Division held that the charge of compound interest was unlawful. They held also that commissions at the rate of $9\frac{3}{4}$ per cent were due on $100,000 of sales during the first year, and not on $100,000 in each year. Those are the chief items in dispute. Some minor items of disbursements will be referred to later.

(1) The charge of compound interest was correctly disallowed. The rule is settled that a promise to pay interest upon interest is void if made at a time before simple interest has accrued (*Young* v. *Hill*, 67 N. Y. 162). The provision in the contract that interest shall be "charged on the account current * * * at the rate of 6 per cent per annum," must, therefore, mean simple interest. Any other promise, made at the outset of the dealings, would be invalid. There are times, however, when a promise to pay compound interest will be enforced, if made after simple interest has accrued; and the promise may be the implied one that results from the statement

of an account. Even in such cases there must be for-bearance or other consideration to make the promise good (*Young* v. *Hill, supra*). There was no promise here unless the retention of the accounts current establish an account stated.

The trial court held that it did not, and we find no error in the ruling. There is no doubt that an account stated may sometimes result from the retention of accounts current without objection (*Knickerbocker* v. *Gould*, 115 N. Y. 533, 537; *Spellman* v. *Muehlfeld*, 166 N. Y. 245). But the result does not always follow. It varies with the circumstances that surround the submission of the statements (*Harvey* v. *West Side Elevated R. Co.*, 13 Hun, 392; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289, 300), and those circumstances include, of course, the relation between the parties. Here the relation was that of principal and factor under an agreement that was to last at least a year, and indefinitely thereafter unless terminated by notice of thirty days. Not till the contract was at an end did the duty to make advances cease. Not till then did the right to recover past advances accrue. Indeed, it is doubtful whether even then there was any personal liability until the security had been exhausted by the enforcement of the lien. The rule in this state is that in the absence of some agreement to the contrary, the consigned goods are the primary fund to which the factor must look for reimbursement (*Gihon* v. *Stanton*, 9 N. Y. 476; *Hidden* v. *Waldo*, 55 N. Y. 294, 297; *Matter of Atwood & Sons*, 3 App. Div. 578, 581). The same rule prevails in other jurisdictions (*Matter of Murphy*, 214 Pa. St. 258; *Balderston* v. *Nat. Rubber Co.*, 18 R. I. 338; *Frothingham* v. *Everton*, 12 N. H. 239; *Kraft* v. *Fancher*, 44 Md. 204; *contra, Beckwith* v. *Sibley*, 11 Pick. 482; *Dolan* v. *Thompson*, 126 Mass. 183). We do not need to determine whether any provisions of this contract have varied the general rule. If they have, they have done it so doubtfully and

obscurely that the consignor might not unreasonably act upon a contrary assumption. In any event it knew, whether the goods were the primary fund for reimbursement or not, that the consignee's duty to advance was a continuing one while the contract remained in force. The debit balances shown by these monthly statements did not, therefore, constitute a present debt. They did not speak the language of present demand for payment or adjustment. They were like the statements rendered by one partner to another which were considered in *Hughes* v. *Smither* (23 App. Div. 590, 594; affd. on opinion below, 163 N. Y. 553). The implication was that they were "offered merely as a basis for subsequent liquidation" (*Hughes* v. *Smither, supra*). They were provisional advices. They were not definitive demands.

We do not suggest a doubt that there are times and occasions when an account stated may arise between principal and factor (*Dows* v. *Durfee,* 10 Barb. 213, 215). It will arise, for example, at the close of their dealings when balances are adjusted and payments made. It will arise while dealings continue if the intent to settle the accounts is found, and the inference will be drawn the more readily where the relation between the parties is terminable at will. But the very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent,* so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained (*Volkening* v. *De Graaf,* 81 N. Y. 268, 271). In this case, the implication of a promise of payment has been rebutted. We have pointed out that the balance ultimately due was still unliquidated when the monthly statements were received. To this we add that the statements were indefinite and general, and left the plaintiff ignorant of items and of names. In such circumstances, we cannot say, and least of all as a matter of law, that the retention of the advices without objection was a

statement of the account.   The trial judge refused to find that a settlement was intended.   His ruling has support in the evidence, and is conclusive in this court.

(2) Commissions at the rate of 9¾ per cent were properly restricted to sales during the first year.   If the parties intended to make a fresh start each year, they certainly did not say so.   In the words of SCOTT, J., writing at the Appellate Division, there was not "a contract for a year with annual renewals, but a single contract running for one year at all events, and thereafter continuing until terminated by a notice from one of the parties to the other."   We do not need to determine whether there is enough ambiguity in the language of the contract to permit its apparent meaning to be varied through the statement of accounts.   We have seen that there were no statements of account; and hence, the apparent meaning is controlling.   The silent retention of the accounts current, if it had any force at all, was at the utmost a mere admission.   It did not override the contract.

(3) Toward the close of the dealings the defendant was informed that the plaintiff was secretly removing merchandise so as to escape the defendant's lien.   The defendant thereupon employed counsel and detectives.   The trial court found that expenses thereby incurred were proper charges against the consigned goods.   The Appellate Division held the contrary.   It found, however, "that the situation disclosed to the defendant * * * was such as to lead him, in the exercise of due diligence and reasonable precaution, to take the steps aforesaid for the protection of his rights and interests, and that the defendant in taking such steps acted in good faith."   It found also that the expenses were occasioned by "the aforesaid acts of the plaintiff in surreptitiously removing merchandise and in directing the concealment of merchandise."

We think the plaintiff is chargeable with expenses thus incurred.   The contract says that the defendant shall have a lien not only for all advances, but also for all "his

33

expenses and his said commissions, and all outlays of every sort, including all legal expenses and reasonable counsel fees and for all liabilities which shall be made or incurred by James Talcott in connection with the said business or by reason of any act done or omitted by Greene Newburger Co." (the plaintiff's predecessor). If a stranger had converted or threatened to convert the goods, the consignee would have been entitled to reimbursement for detective and counsel fees incurred in the effort to get them back. We think his rights are no different when the conversion has been threatened by the consignor. In each case the consignee is acting to protect and preserve his lien.

The order should be modified in accordance with this opinion; the first, second and third questions should be answered in the negative, and the fourth and fifth questions in the affirmative. No costs of this appeal are allowed to either party.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK and POUND, JJ., concur: HOGAN J., absent.

Order modified, etc.