**WARNER v. MARSH & McLENNAN, Inc.**

District Court, S. D. New York.

Jan. 10, 1939.

Max Teitelbaum, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardiner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant.

GODDARD, District Judge.

The first five causes of action are barred by the statute of limitations and these are dismissed by consent.

The defenses set up to the remaining causes of action are that a balance "was mutually found and agreed to be due to the plaintiff from the defendant" and . was paid; or as is stated by counsel for defendant in their brief "an account was stated between plaintiff and defendant", or "accord and satisfaction".

An essential element in such defense is that the parties have agreed upon the balance due either expressly or impliedly. Newburger-Morris Co. v. Talcott, 219 N. Y. 505, 114 N.E. 846, 3 A.L.R. 287; Daube v. United States, Ct.Cl., 59 F.2d 842.

It does not seem to me that the facts and circumstances set forth in the pleadings and affidavits are such as to justify the court in holding, as a matter of law, that the plaintiff agreed to the account submitted to him by defendant and either expressly or impliedly committed himself to accept the cheques paid to him in full payment of his claims including those admittedly due him, as well as the allegedly disputed one. Matlack Coal & Iron Corp.

v. New York Quebracho Extract Co., 2 Cir., 30 F.2d 275; Eames Vacuum Brake Co. v. Prosser, 157 N.Y. 289, 51 N.E. 986; Beardsley v. American Bonding Co., 200 App.Div. 452, 193 N.Y.S. 138.

Defendant's motion to summary judgment is denied. Settle order on notice.