## TRANSBEL INV. CO., Inc., v. ROTH.

District Court, S. D. New York.
Dec. 31, 1940.

Manfred Nathan, of New York City (Harold N. Schwinger, of New York City, of counsel), for plaintiff.

Joseph L. Abraham, of New York City, for defendant.

CLANCY, District Judge.

This is an action on a note made and payable in Florida. The plaintiff moves to strike out two defenses which set up the ownership and control of the plaintiff corporation by a Florida lawyer and the purchase of the note by plaintiff corporation with the purpose of bringing suit thereon and a third which pleads that the note prospectively requires compound interest, all of these defenses being intended to show that the prosecution of this action is forbidden by several public policies of the State of New York and that, therefore, the note is unenforcible in this Court.

The motion is denied.

Assuming enforcement of the obligation represented by the note is contrary to the public policy of New York, this

Court will not enforce it. Parker et al. v. Moore, 4 Cir., 115 F. 799; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. One state has the right to assert its own public policy in refusing to enforce a right recognized in another. Union Trust Co. v. Grosman, 245 U.S. 412, 38 S.Ct. 147, 62 L.Ed. 368; Citizens National Bank v. Waugh, 4 Cir., 78 F.2d 325, 100 A.L.R. 939. Sections 274 and 275 of the New York State Penal Law, Consol.Laws, c. 40, are intended to aid in the enforcement of time-honored public policies. Section 274 forbids an attorney to purchase a note with a present intention to sue. Section 275 forbids a corporation to do substantially the same thing. An act is contrary to the public policy of New York when it contravenes a rule of conduct long held to involve and uphold the interests of the society that composes this State. Lauria v. E. I. DuPont, D.C., 241 F. 687. The prohibition of champertous agreements, which § 274 of the Penal Law aims to extend, and that against all phases of real or implied conduct of the practice of law by corporations, wherein § 275 of the same law finds its genesis, are both founded on a public interest, the control of the conduct of attorneys as officers of the courts, and of corporations which are created by the state to carry on business—a beneficent design—and not to conduct litigation as a distinct purpose.

The objection of the plaintiff that § 274 has no extraterritorial effect is of no importance in this case. The fact that the attorney, said to own the plaintiff and to be using it as a blind for his operations, is not subject to prosecution in New York State, is not an issue in this case which is an action upon a note. The purpose and intent of § 274 is pleaded as declaring a public policy. No individual's infraction of it as a crime is attempted to be set up as a defense. There is no substance either to the plaintiff's objection that § 275 of the Penal Law has no extraterritorial effect or is ex post facto. Plaintiff objects also that the public policy of New York, pleaded in the third defense, i. e., the policy forbidding the corporation's purchase of the note for the purpose of prosecuting an action to collect it, was not adopted as the policy until after the assignment of the note. We will assume this as the fact without admitting it. See old § 280, Penal Law. The date of negotiation of the note to the plaintiff does not appear in the complaint but we do not think it is material. The public policy obtaining at the time of the commencement of suit is the public policy that applies. Compania De Inversiones Internacionales v. Industrial Mortgage Bank, 269 N.Y. 22, 198 N.E. 617, 101 A.L.R. 1313; Second Russian Insurance Co. v. Miller, 268 U.S. 552, 45 S.Ct. 593, 69 L.Ed. 1088.

The prohibition of contracts prospectively contemplating the payment of compound interest or, as it is often termed, interest on interest, is old in this State. Young v. Hill, 67 N.Y. 162, 23 Am. Rep. 99. This rule of law has been described as a public policy. Stewart v. Petree, 55 N.Y. 621, 14 Am.Rep. 352; Connecticut v. Jackson, 1 Johns.Ch., N.Y., 13, 7 Am.Dec. 471. In the latter case, Chancellor Kent was considering a calculation of compound interest but he remitted for correction a master's report and his decision directed the master specifically how to compute the amount payable. The instructions forbade the imposition of simple interest on interest. There had been no agreement of the parties for any but interest on the debt, but the master had computed a sum which included compound interest. In Van Benschooten v. Lawson, 6 Johns.Ch., N.Y., 313, 10 Am.Dec. 333, the statement of facts preceding the opinion shows that the same Chancellor was considering the imposition of interest on interest although that is referred to in the opinion as compound interest. It holds that such compound interest could be admitted only on the fact of a written agreement made after interest on which the agreement operated had fallen due and declined to enforce an agreement made after a later default to pay interest on a debt which incorporated interest accruing on an amount of interest earlier defaulted. In Mowry v. Bishop, 5 Paige, N.Y., 98; Kellogg v. Hickok, 1 Wend., N.Y., 521; Townsend v. Corning, 1 Barb., N.Y., 627, the existence of the policy was recognized but all involved calculations of interest on interest based on agreements made after default in payment. The rule was stated to be settled law in Newburger-Morris Company v. Talcott, 219 N.Y. 505, 114 N. E. 846, 3 A.L.R. 287. It is an odd circumstance that none of the cases that we have found actually enforces the doctrine they announce. None directly involved it since they dealt only with agreements made after the accrual of the interest or

none at all in Connecticut v. Jackson, supra. It appears though that the rule has been consistently stated as a public policy, that interest on interest has been described as compound interest because it differs from compound interest not in character or quality but only in quantity and that no case in New York has whittled the policy down one jot or tittle. So we accept the policy as we find it. Erie R. Co. v. Tompkins, supra. The payment of interest on the coupons of bonds of a large issue generally distributed, Williamsburgh Savings Bank v. Solon, 136 N.Y. 465, 32 N.E. 1058; American Brake Shoe & Foundry v. Interboro Co., D.C., 26 F.Supp. 954, constitutes an exception in the sense that the policy does not there apply. The note in this case reads: "Deferred interest payments to bear interest from maturity at 6% per annum, payable monthly." "Payable" means "due." The language we have quoted is specious and the phrase "payable monthly" sets up a purely fictitious rest date whose only purpose is the stepping up of the interest. The compounding of interest accomplished by it is within the ban of the policy and this interest clause is unenforcible. The fourth defense is sustained as a partial defense.