Edward S. Conway, J.
The plaintiff moves for summary judgment pursuant to CPLB 3213 on the ground that there is no defense to the cause of action alleged in the moving papers.
The summons was accompanied by a notice of motion, supported by an affidavit of the plaintiff, stating that suit was brought to recover a debt in the amount of $7,944 on an account stated between plaintiff and defendant for goods sold defendant by the plaintiff between April 25, 1970 and October 23, 1970; and that since October 23, 1970 there has been no payment on the account, leaving a balance due of $7,944. A copy of the accounts due is attached to the affidavit. The affidavit further alleges a demand for payment of the balance due which was rendered on September 25, 1970 by being mailed to defendant. This was retained by defendant without objection, either as to the quality of the merchandise or the amount of the account.
The relevant portion of CPLB 3213 reads as follows: “ When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. The summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion.”
The supporting papers submitted by the plaintiff allege facts which are sufficient to constitute an account stated in writing. *484 The moving party alleges that the account was rendered and retained without objection for a reasonable length of time by the defendant. (Newburger-Morris Co. v. Talcott, 219 N. Y. 505; Bailey v. Robinson Mfg. Co., 60 N. Y. S. 2d 225, affd. 270 App. Div. 986.) Defendant in his opposing papers fails to deny the allegations of the plaintiff, but opposes the motion strictly as a matter of law.
It is the opinion of this court that an account stated in writing constitutes an instrument for the payment of money only within the contemplation of CPLR 3213. Accordingly, plaintiff’s motion for a summary judgment is granted.