INTERMAN INDUSTRIAL PRODUCTS, LTD., Appellant, v. R. S. M. ELECTRON POWER, INC., Respondent.

Second Department, June 3, 1974.

*Jessel Rothman* for appellant.

*Littman & Citrynell (Irwin Littman* of counsel), **for** respondent.

HOPKINS, J. The defendant, a manufacturer of transistors for electronic equipment, purchased silicon material from the plaintiff. Claiming that the sum of $40,839.94 was due to it upon an account stated for merchandise delivered to the defendant under the latter's purchase orders, the plaintiff served a summons and a motion for summary judgment on the defendant pursuant to CPLR 3213, on the theory that the action was based on instruments for the payment of money only. The Special Term denied the motion on the ground that an account stated does not constitute an agreement for the payment of money only within the contemplation of the statute.

We affirm the Special Term. Although under certain circumstances an account stated may represent an agreement for the payment of money only, the circumstances of this case preclude such a finding.

Between April 12, 1973 and August 7, 1973 the defendant issued purchase orders to the plaintiff for the supply of silicon slices, and the plaintiff claims to have delivered the material without objection or protest from the defendant. The agreed value of this merchandise, according to the plaintiff, was in the sum of $40,839.94. The defendant, on the other hand, claims that the plaintiff did not furnish the goods in the quantities ordered, or at the price specified, and that the plaintiff arbitrarily raised its prices without the defendant's consent.

The parties, too, differ as to the effect of a check in the sum of $8,693.15 delivered by the defendant to the plaintiff on August 6, 1973. Payment of that check was stopped by the defendant. As the plaintiff has it, the defendant's action was taken because it did not have sufficient funds in its bank account. According to the defendant, payment of the check was stopped because of the violations of the contracts by the plaintiff.

CPLR 3213 permits an accelerated judgment "when an action is based upon an instrument for the payment of money only or upon any judgment." A complaint is not required; the summons with a notice of motion and supporting affidavits describing the claim may be served by the plaintiff, and the defendant must serve answering papers contesting the plaintiff's claim. The procedure thus avoids the delay of the preparation and service of pleadings and is plainly intended to provide swift and decisive relief in those cases where a tenable defense would not usually be anticipated. The relief is, however, limited to instances where an instrument for the payment of money only exists. An instrument has been conceived to be a formal written document, evincing legal rights and duties (cf. *People* v. *Sansanese*, 17 N Y 2d 302, 306). All language must be viewed in its setting; and we must consider the legislative intent in the selection of the terms used in statutes.

The Legislature, in providing for a quick and satisfactory method of entering judgment for a deserving suitor, doubtless had in mind that a written agreement calling for the payment of money only would not ordinarily develop the complex factual and legal issues arising in other situations occurring less formally. Hence, the accelerated judgment procedure is profitably invoked when such a written agreement is in existence. By definition, then, the procedure excludes a case where the rights

of the parties rest on a congeries of facts and law arising from the conduct of the parties without reference to such a written agreement.

The Legislature might have adopted a broader basis for the application of an accelerated judgment, such as, for example, the method in Virginia. There, the device of the motion for judgment to commence an action is employed in practically all civil actions, including specifically an action for the recovery of money only. This procedure was the subject of study prior to the enactment of the CPLR (Korn and Paley, Survey of Summary Judgment, Judgment on the Pleadings and Related Pre-Trial Procedures, 42 Cornell L. Q. 483, 492–493), but the Legislature chose to limit the remedy to a restricted class — actions based on instruments for the payment of money only.

An account stated, in the classic sense, has its inception, in the words of Judge CARDOZO, when "the parties have come together and agreed upon the balance of indebtedness, *insimul computassent*, so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained" (*Newburger-Morris Co.* v. *Talcott,* 219 N. Y. 505, 512). As Chief Judge FOLGER said, "the demand is essentially the same as if a promissory note had been given for the balance" (*Volkening* v. *De Graaf,* 81 N. Y. 268, 270). Indeed, in many situations where an account stated obtains, a promissory note or a check emerges as the form of the agreement to pay the balance (cf. Ann. 46 ALR 3d 1325).

Where the account stated is grounded on an express assent — such as a promissory note or a check or an unqualified written agreement to pay — the conditions of CPLR 3213 are met, and the accelerated judgment procedure can be followed. An account stated may, however, come into being from an implied assent, such as the retention by the debtor of the creditor's statement without objection for a reasonable time (*Knickerbocker* v. *Gould,* 115 N. Y. 533, 537). The circumstances dictate what length of time is deemed reasonable for the retention of the statement without protest (1 Am. Jur. 2d, Accounts and Accounting, § 31, p. 407); and the relation of the parties is a significant factor in determining whether the inference of assent may be fairly drawn (*Newburger-Morris Co.* v. *Talcott,* 219 N. Y. 505, 511, *supra*). In this kind of an account stated, based on an implied assent, the statutory procedure cannot be followed, for there is no "instrument for the payment of money only" to which the obligation to pay can be clearly referred.

In the case before us, the theory of an account stated espoused by the plaintiff is based on implied assent — an assent arising out of the conduct of the parties. The purchase orders do not constitute unequivocal promises to pay money, and the delivery of a check by the defendant for partial payment, later stopped by it, qualifies even less as an express assent to pay the balance claimed by the plaintiff.

In support of its contention that an account stated resting on implied assent falls within the statute, the plaintiff puts reliance on *Brickman* v. *Niagara Fruit Co.* (65 Misc 2d 483). There, the court granted an accelerated judgment in a case in which an account stated was said to have arisen from the retention of an account for the sale of goods without objection by the defendant. For the reasons stated, we decline to follow this construction of the statute. We hold that the statute requires an express agreement to pay money evidenced by an instrument in writing.

We therefore affirm the order of the Special Term, with $20 costs and disbursements.

SHAPIRO, J. (concurring). I concur for affirmance, but I do not agree with the statement of the majority that "under certain circumstances an account stated may represent an agreement for the payment of money only" if that statement is meant to imply that an account stated may under certain circumstances come within the purview of CPLR 3213.

LATHAM, J. (dissenting). I dissent and vote to reverse the order under review and to grant the plaintiff's motion for summary judgment.

The plaintiff, a distributor of silicone products, commenced this action and moved for summary judgment pursuant to CPLR 3213 against the defendant, a manufacturer of silicone transistors, on the basis of five statements of account, totaling $40,839.94, one a month from April, 1973 through August, 1973, representing merchandise shipped and delivered to the defendant from early April, 1973 through the first week of August, 1973, pursuant to several purchase orders of the defendant. In opposition to the motion, the defendant alleged that the plaintiff had not proven delivery of the goods, had overcharged the defendant for goods reflected in the accounts and notified the defendant on August 14, 1973 that if the defendant were to refuse to pay a further price rise subsequent to August 15, 1973 (a date subsequent to the last delivery of goods as set forth in the account), the plaintiff would not deliver any further merchandise. In reply, the plaintiff adduced documentary proof

that the merchandise was in fact delivered and that the defendant had agreed, as evidenced by several of its checks, to price rises for the goods reflected in the account stated.

The Special Term, while apparently holding that a valid cause of action on an account stated had been pleaded, nevertheless denied the plaintiff's motion, stating that it did "not consider an account stated to constitute an agreement for the payment of money only within the contemplation" of CPLR 3213. In my opinion, the Special Term was in error. The moving papers submitted by the plaintiff alleged facts which are sufficient to establish an account stated in writing. The plaintiff further alleged and proved that the goods were accepted without objection. It has been properly held that an account stated in writing constitutes an instrument for the payment of money only within the contemplation of CPLR 3213 (*Brickman* v. *Niagara Fruit Co.*, 65 Misc 2d 483). In the absence of any triable issues of fact, the plaintiff's motion for summary judgment should have been granted.

GULOTTA, P. J., and COHALAN, J., concur with HOPKINS, J.; SHAPIRO, J., concurs, with a separate opinion; LATHAM, J., dissents and votes to reverse and grant the motion, with an opinion.

Order of the Supreme Court, Nassau County, dated November 14, 1973, affirmed with $20 costs and disbursements.