Arthur E. Blyn , J.
Plaintiff moves for summary judgment in lieu of complaint pursuant to CPLR 3213, in favor of plaintiff and against the defendant for the sum of $880.50 with interest thereon from December 31, 1973 together with the costs and disbursements of this action, upon the ground that this action is based upon instruments for the payment of money only and that there is no defense thereto. Defendant has not submitted any opposition to the motion.
Plaintiff alleges that accounts stated for work, labor and services furnished by plaintiff to defendant for the original total amount of $2,302.90 were forwarded to and received by defendant from December 31, 1973 through July 31,1974; that the said accounts stated received by the defendant have never been questioned; that rather defendant has made payments thereunder in the amount of $716.30 and $711.30, leaving a balance due of $880.50. It further appears that not only has defendant never questioned the accounts stated but that by letter dated September 20, 1974, Richard M. Adler, president of the defendant corporation, agreed that the original amount of the debt was $2,302.90, the amount set forth in the accounts stated, that he was enclosing a payment of part of the account and that on March 20,1974 a check for $880.50 would be issued for the ñnal balance due under the account stated.
Plaintiff cites in support of its position the holding in Brickman v Niagara Fruit Co. (65 Misc 2d 483), that an account stated in writing constitutes an instrument for the payment of money only within the scope of CPLR 3213, and permits a motion for summary judgment. In this connection, the court notes that subsequent to Brickman (supra) the Appellate Division, Second Department, in Interman Ind. Prod, v R.S.M. Electron Power (45 AD2d 34, 37), by a divided court, stated with regard to the doctrine enunciated in Brick-man (supra) as follows: “In the case before us, the theory of an account stated espoused by the plaintiff is based on implied assent — an assent arising out of the conduct of the parties. *172 The purchase orders do not constitute unequivocal promises to pay money, and the delivery of a check by the defendant for partial payment, later stopped by it, qualifies even less as an express assent to pay the balance claimed by the plaintiff.
"In support of its contention that an account stated resting on implied assent falls within the statute, the plaintiff puts reliance on Brickman v Niagara Fruit Co. (65 Misc 2d 483). There, the court granted an accelerated judgment in a case in which an account stated was said to have arisen from the retention of an account for the sale of goods without objection by the defendant. For the reasons stated, we decline to follow this construction of the statute. We hold that the statute requires an express agreement to pay money evidenced by an instrument in writing.”
CPLR 3213 requires as a basis for this accelerated procedure an instrument for the payment of money only. An instrument has been conceived to be a formal written document evincing legal rights and duties. (Interman, supra.) The court considers that the facts in the instant case come within the rationale and holding of the Appellate Division, Second Department, in Interman (supra), since there is here not only an account stated which has been accepted and approved in writing but in that same writing defendant unconditionally agrees to pay the balance due under said account, to wit, $880.50, after having made previous partial payments pursuant to said stated account. In the court’s opinion, this constitutes such an instrument.
Plaintiff’s motion for summary judgment in lieu of complaint, pursuant to CPLR 3213 in favor of plaintiff and against defendant in the sum of $880.50 with interest thereon from December 31, 1973, together with the costs and disbursements of this action is granted.