■ DUANE READE, Appellant-Respondent, v CARDINAL HEALTH, INC., et al., Defendants, and JAMES W. DALY, INC., et al., Respondents-Appellants. [784 NYS2d 534]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 23, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for partial summary judgment dismissing a counterclaim based on an account stated and denied the motion by defendants Daly and Whitmire Distribution for partial summary judgment on that counterclaim and another counterclaim for unjust enrichment, unanimously modified, on the law, plaintiff's cross motion granted, the seventh counterclaim dismissed, and otherwise affirmed, without costs.

In this action for breach of contract and related claims, the

parties' November 7, 2001 letter agreement can be reasonably construed as a reference only to the most recent purported "account stated," dated October 31, on which the seventh counterclaim is based. Plaintiff's obviously prompt notice that it disputed the validity and/or amounts of the "trade payables" constituted timely objection, belying the notion that the parties had already "agreed upon the balance of indebtedness" (*Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 153 [1975], quoting Judge Cardozo in *Newburger-Morris Co. v Talcott*, 219 NY 505, 512 [1916]). Since the record demonstrates, as a matter of law, that there was a "dispute about the account," no claim for an account stated survives (*Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412, 413 [1995]). That counterclaim should have been dismissed.

Defendants' summary judgment motion on the alternative unjust enrichment claim was properly denied. There is at least a question of fact as to whether a contract governs the purchases at issue. Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.